John Joseph HOMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 364–83.

Court of Criminal Appeals of Texas, En Banc.

Jan. 11, 1984.

---

Arch C. McColl, III, S. Michael McColloch, Davis W. Coody, Dallas, for appellant.

Henry Wade, Dist. Atty., W.T. Westmoreland, Jr., Steve Webster and Steve Khoury, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of the theft of current money of the United States of America of the value of $10,000.00 or more. The punishment was assessed by the jury at ten (10) years' imprisonment and $10,000.00 fine, probated.

On appeal a panel of the Dallas Court of Appeals affirmed the conviction on April 20, 1982. Appellant's Petition for Discretionary Review was granted by this court, and on July 21, 1981 the cause was remanded to the Court of Appeals because it had not addressed ground of error number two in regard to whether venireman Gary Henry was subject to the challenge for cause on the basis of his alleged conclusion as to the guilt or innocence of appellant.

On October 8, 1982, the panel of the Court of Appeals responded to the remand order, considered the contention contained in ground of error number two and again affirmed the conviction. On rehearing the panel, on December 30, 1982, supplemented its opinion of October 8th and concluded the error, if any, in failing to sustain the challenge for cause was not properly preserved for review. On new motion for rehearing the opinion of December 30th was withdrawn, and the judgment of conviction was affirmed based on the opinions of April 20 and October 8, 1983. To such action on March 8, 1983, Justice Stephens dissented, now concluding that error had been preserved and that error called for reversal.

This court again granted appellant's Petition for Discretionary Review to review the correctness of the Court of Appeals' holding that while the venireman Henry had vacillated in his answers to certain questions, his answers indicated him to be a qualified juror, and the trial court was in a better position than any appellate court to judge the matter.

The record reflects that at the commencement of the voir dire examination of the jury panel for the case, the prosecutor made clear-cut and concise statements regarding the principles of the law applicable to the trial of a criminal case, including the presumption of innocence of a defendant, and the burden of proof being upon the State to prove each element of the offense beyond a reasonable doubt.

During the voir dire examination venireman Gary Henry stated he was engaged in home construction business, that he had encountered theft problems both in Dallas and Houston, that his office had been broken into, and material had been stolen from job sites. As a result of his experience Henry was "aggravated as Hell, losing material and get stuck," but he stated he "did not blame the defendant for it." He did vacil-

late in his answers as to whether he could consider probation in a theft case. It does not appear that he equivocated in his answers as to the appellant's guilt and the necessity of the appellant presenting evidence to prove his innocence.

The record of the voir dire shows:

"MR. McCOLL (Appellant's counsel): Is that correct and with regard to these past experiences, knowing what is involved in a criminal process, as Mr. Homan sits here charged with a true bill of indictment, do you feel that he is probably just a little bit guilty of something and that it would take some evidence to remove that feeling from your mind.

"MR. HENRY: Well, honestly, yes.

"MR. McCOLL: You would say yes to that?

"MR. HENRY: Yes.

"MR. McCOLL: And that is again based upon your past experience?

"MR. HENRY: I would assume so."

Later, near the conclusion of the voir dire examination of Henry the record reveals:

"MR. McCOLL: But it would take—it would take some evidence as you stated once before?

"MR. HENRY: Yes, I did. The answer to your question when you asked it—

"MR. McCOLL: Go ahead and say it.

"MR. HENRY: It would take some evidence to prove his innocence.

"MR. McCOLL: Yes, to remove your doubt about his innocence?

"MR. HENRY: Uh-huh.

"MR. McCOLL: Your Honor, we submit the Juror."

Later at the conclusion of the voir dire examination of the jury panel appellant's counsel had the court clarify that it had overruled his challenge for cause to Henry and made clear to the court the basis of the challenge. Counsel pointed out that the appellant had used a preemptory challenge on Henry, and having exhausted his preemptory challenges, requested an additional preemptory challenge because Ms. Phipps, a juror who was chosen, was objec-

tionable to the appellant. The request for an additional challenge was overruled. It would appear that the alleged error was preserved. *O'Bryan v. State,* 591 S.W.2d 464 (Tex.Cr.App.1979); *Williams v. State,* 565 S.W.2d 63 (Tex.Cr.App.1978); *Hernandez v. State,* 563 S.W.2d 947 (Tex.Cr.App. 1978); *Wolfe v. State,* 147 Tex.Cr.R. 62, 178 S.W.2d 274 (1944).

Article 35.16(c)(2), V.A.C.C.P., provides in part:

"(c) A challenge for cause may be made by the defense for any of the following reasons:

"* * *

"(2) That he has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely. . . ."

In every criminal trial the prosecution has the burden of proof beyond a reasonable doubt on each element of the offense, and all persons are presumed to be innocent. This is mandated on federal constitutional grounds, *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1966), in addition to provisions of both the Penal Code and the Code of Criminal Procedure of this state. See V.T.C.A., Penal Code, § 2.01, and Article 38.03, V.A.C.C.P.

After the principles of law had been explained by the prosecutor, venireman Henry made clear that he felt the indicted appellant was "just a little bit guilty of something" and that it would take evidence to remove that feeling from his mind. Later, on his own, he volunteered that it would take evidence to remove doubt as to appellant's innocence.

We agree with Justice Stephens' dissent that the trial court erred in failing to sustain the challenge for cause to the venireman Henry. See Article 35.16(c)(2), supra.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the trial court.