Samuel Lovert JOHNSON, Appellant,

v.

The STATE of Texas.

No. 1353–99.

Court of Criminal Appeals of Texas,
En Banc.

March 28, 2001.

Rehearing for Discretionary Review
Denied May 9, 2001.

Charles Hinton, Houston, for appellant.

S. Elaine Roch, Asst. DA, Houston, Matthew Paul, State's Atty., Austin, for the State.

PRICE, J., delivered the opinion of the Court in which HOLLAND, WOMACK, JOHNSON, and HOLCOMB, JJ., joined.

Harm for the erroneous denial of a challenge for cause is determined by the standard in Rule of Appellate Procedure 44.2(b).[1] Before promulgation of Rule 44.2(b), harm was evident in the record when the appellant used a peremptory challenge to cure the erroneous denial, exhausted his peremptory challenges, was denied a request for an additional peremptory challenge, and identified an objectionable venire member who sat on the jury. Today we hold that Rule 44.2(b) does not change the way that harm is demonstrated for the erroneous denial of a challenge for cause.

The appellant was charged with aggravated robbery. *See* Tex.Pen.Code § 29.03. During voir dire in the appellant's trial, two venire members, Kelley and Clevenger, stated that they could not consider the minimum punishment of five years for a defendant found guilty of aggravated robbery as a principal. The trial court denied the appellant's challenges for cause. The appellant used peremptory challenges to strike Kelley and Clevenger, and the trial court refused his request for two additional peremptory challenges. Before the jury was seated, the appellant named two additional venire members who were objectionable to him. These two venire members served on the jury.

The jury convicted the appellant of aggravated robbery and, after finding two enhancement allegations true, the jury assessed as punishment seventy-five years in prison.

---

1. Rule of Appellate Procedure 44.2(b):

> Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

In an unpublished opinion, the Court of Appeals affirmed the appellant's conviction. *Johnson v. State*, No. 14-95-00860-CR (Tex.App.—Houston [14th Dist.] Mar. 27, 1997) (not designated for publication). We granted the appellant's petition for discretionary review, reversed the Court of Appeals's judgment, and remanded the case for a harm analysis under Texas Rule of Appellate Procedure 44.2(b). *Johnson v. State*, 982 S.W.2d 403 (Tex.Crim.App. 1998) (holding that the trial court erred by erroneously denying the appellant's two challenges for cause).

On remand, the Court of Appeals issued an opinion affirming the appellant's conviction. *Johnson v. State*, 996 S.W.2d 288 (Tex.App.—Houston [14th Dist.] 1999). The Court held that under Rule 44.2(b) the appellant has the burden of showing that some substantial right has been affected by the error, and because the appellant failed to show any infringement of his substantial rights, the error must be disregarded. *Id.* at 290.

We granted the appellant's petition for discretionary review to determine whether the Court of Appeals misinterpreted our directive and whether the Court of Appeals erred in disregarding the error pursuant to Rule 44.2(b) when the appellant was prohibited from preserving the testi-

mony necessary to determine whether his substantial rights were affected.[2]

█ In his first ground for review, the appellant complains that the Court of Appeals violated Rule of Appellate Procedure 47.1[3] by failing to address the argument that the harm analysis should be performed pursuant to former Rule 81(b)(2) and not current Rule 44.2(b). The appellant argues that, because the former rule was in effect at the time of his trial and his direct appeal, the former rule should apply to his case. The Court of Appeals properly addressed the appellant's argument, noting that it was "obliged to comply with the orders of the Court of Criminal Appeals and follow its interpretation of the law." *Johnson*, 996 S.W.2d at 289. The Court of Appeals thereby rejected the appellant's argument.[4] The appellant's first ground for review is overruled.

In the appellant's second ground for review, he complains that the Court of Appeals erred in disregarding, pursuant to Rule 44.2(b), the trial court's erroneous denial of two challenges for cause. Specifically he argues that the burden to show harm should not be on the appellant because he is prevented by Rule of Evidence 606(b)[5] from preserving relevant testimo-

---

2. The exact grounds for review on which we granted the appellant's petition are:

   (1) Whether the Court of Appeals misinterpreted the Court of Criminal Appeals' directive on remand and erred by refusing to consider and analyze appellant's point for review number one?
   (2) Whether the Court of Appeals erred in disregarding the error pursuant to Tex. R.App.Proc. 44.2(b) where the appellant was statutorily prohibited from preserving the testimony necessary to determine whether his substantial rights were affected?

3. Rule of Appellate Procedure 47.1, in pertinent part, states:

The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal. . . .

4. We note that this Court decided the same issue adversely to the appellant's position in *Fowler v. State*, 991 S.W.2d 258, 260–61 (Tex. Crim.App.1999).

5. Rule 606(b) states:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on a juror's mind or

ny necessary to demonstrate that his substantial rights were affected. Also he argues that harm was shown because, during voir dire, he identified two objectionable venire members who eventually sat on the jury.

■ The appropriate standard of harm is to disregard an error unless a substantial right has been affected. Tex.Rule App.P. 44.2(b). We have held that a substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim.App.1997). We adopted this language from the Supreme Court's holding in *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). In *Kotteakos*, the Supreme Court explained:

> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, except perhaps where the departure is from a constitutional norm or a specific command of Congress. But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If

so, or if one is left in grave doubt, the conviction cannot stand.

*Id.* at 764–65, 66 S.Ct. 1239 (citation and footnote omitted).

■ We agree with the appellant that no burden to show harm should be placed on the defendant who appeals. In *Ovalle v. State*, 13 S.W.3d 774 (Tex.Crim.App. 2000), we explained that "no party should have the burden to prove harm from an error, and there ordinarily is no way to prove 'actual' harm." *Id.* at 787. In that case we held that the appellant did not have the burden to prove harm in the context of jury charge error under Code of Criminal Procedure Article 36.19. Rather, it is the duty of the reviewing court to assess harm from the context of the error. *Id.* The rationale for the decision in that case was that determining the existence of harm from an error is not the same as proving facts at trial. *Id.* (citing Roger Traynor, The Riddle of Harmless Error 25–26 (1970)). We explained that the parties may assist by suggesting how the appellant was harmed (or not), but it is the responsibility of the reviewing court to decide whether it is likely that the error had some adverse effect on the proceedings. *Id.* (quoting Wayne R. LaFave & Jerold H. Israel, Criminal Procedure 1165 (2d ed.1992)).

■ The Supreme Court has adopted the same rule in the context of Federal Rule of Criminal Procedure 52(a). Our harmless error rule is based on that federal rule. *See Carranza v. State*, 980 S.W.2d 653, 657 (Tex.Crim.App.1998). Therefore we look to the Supreme Court for guidance in interpreting Rule 44.2(b).

emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment. Nor may a juror's affidavit or any statement by a juror concerning any matter about which the juror would be precluded from testifying be ad-

mitted in evidence for these purposes. However, a juror may testify: (1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve.

■ The Supreme Court has explained that, in the federal system, it is the responsibility of the appellate court to determine whether a trial error affected the resulting judgment. In *O'Neal v. McAninch*, 513 U.S. 432, 437, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995), the Court explained that there is a difference between a trial court's task of managing the admission of evidence and the reviewing court's task of applying a legal standard to a trial that is already complete.

> As an initial matter, we note that we deliberately phrase the issue in this case in terms of a judge's grave doubt, instead of in terms of "burden of proof." The case before us does not involve a judge who shifts a "burden" to help control the presentation of evidence at a trial, but rather involves a judge who applies a legal standard (harmlessness) to a record that the presentation of evidence is no longer likely to affect.

*Id.* at 436, 115 S.Ct. 992. The Court quoted Justice Traynor for the proposition that

> Whether or not counsel are helpful, it is still the responsibility of the ... court, once it concludes there was error, to determine whether the error affected the judgment. It must do so without benefit of such aids as presumptions or allocated burdens of proof that expedite fact-finding at the trial.

*Id.* at 437, 115 S.Ct. 992 (citing R. Traynor, The Riddle of Harmless Error 26 (1970)). We find the Supreme Court's reasoning compelling and adopt this reasoning for application to Rule 44.2(b). We hold that it is the responsibility of the appellate court to assess harm after reviewing the record and that the burden to demonstrate whether the appellant was harmed by a trial court error does not rest on the appellant or the State.

■ Next we must address how a reviewing court determines whether a defendant was harmed when the trial court has erroneously denied one or more challenges for cause. As we explained above, substantial rights are affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King*, 953 S.W.2d at 271. Denial of a proper challenge for cause is error because the makeup of the jury affects its decision.

■ Since 1944, harm has been demonstrated,[6] and the error held reversible, when the appellant (1) exercised his peremptory challenges on the venire member whom the trial court erroneously failed to excuse for cause, (2) exhausted his peremptory challenges, (3) was denied a re-

---

6. In the past we have confused preservation of error and harm issues within the context of an erroneous denial of a challenge for cause. For example, in *Harris v. State*, 790 S.W.2d 568 (Tex.Crim.App.1989), the Court explained that the steps listed in *Payton v. State*, 572 S.W.2d 677 (Tex.Crim.App.1978), were required for the appellant *to preserve error*, even though the Court, later in the same opinion, said that *reversal was warranted* when the steps in *Payton* had been followed. *Compare Harris*, 790 S.W.2d at 581 ("In *Payton v. State*, 572 S.W.2d 677 (Tex.Cr.App.1978), this Court summarized the requirements necessary to preserve error due to the trial court's denial of a defense challenge for cause of a prospective juror"), *with id.* ("Thus, in order to warrant a reversal by this Court for the trial court's erroneous denial of an appellant's valid challenge for cause it must be demonstrated that ..."). And in *Payton*, we explained that "harm may be shown in the denial of challenge for cause by showing exhaustion of the defendant's peremptory challenges, denial of a request for additional peremptory challenges, and the seating of a juror upon whom the defendant would have exercised peremptory challenge." *Id.* at 680 (citing *Hernandez v. State*, 563 S.W.2d 947 (Tex. Crim.App.1978)). *Wolfe*, the case on which the Court relied in *Payton*, also discusses the steps in the context of showing harm. *See generally Wolfe*, 147 Tex.Crim. at 70–75, 178 S.W.2d at 279–281.

quest for additional peremptory challenges, and (4) identified an objectionable juror who sat on the case. *See Wolfe v. State,* 147 Tex.Crim. 62, 178 S.W.2d 274 (1944) (op. on reh'g).

The purpose of the peremptory challenge in Texas is to allow the accused or the State to remove a venire member without stating a reason therefor. Code Crim. Proc. art. 35.14. In *Kerley v. State,* 89 Tex.Crim. 199, 230 S.W. 163 (1921), the Court said of article 35.14's predecessor: [7]

It is the privilege of accused to exclude from service one whom, in his judgment is unacceptable to him. In conferring it, the law gives effect to the natural impulse to eliminate from the jury list not only persons who are rendered incompetent for some of the disqualifying causes named in the statute, but persons, who, by reason of politics, religion, environment, association, or appearance, or by reason of the want of information with reference to them, the accused may object to their service upon the jury to which the disposition of his life or liberty is submitted. In other words, the law fixes the number of challenges and confers upon the accused the right to arbitrarily exercise them. This right having been denied the appellant in the instant case, he having exercised all of the challenges the court would permit him to use, and having been forced to try his case before jurors who were objectionable and whom he sought to challenge peremptorily, the verdict of conviction rendered by the jury so selected cannot, we think, with due respect to the law, be held to reflect the result of a fair trial by an impartial jury, which it is the design of our law shall be given to those accused of crime.

*Kerley,* 89 Tex.Crim. at 201, 230 S.W. at 164–65 (citations omitted). The Court in *Wolfe* explained the harm of depriving the accused of a peremptory challenge.

If one of an accused's peremptory challenges could be taken away from him, why not five be taken, and if five, why not ten, leaving none, and all jurors be acceptable save unfair and partial ones.

*Id.* at 72, 178 S.W.2d at 279–80.

We disagree with the Court of Appeals's reliance on *Ross v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). In that case the Court held that peremptory challenges are not a matter of federal constitutional dimension and requiring a defendant to cure the erroneous denial of a challenge for cause with a peremptory challenge does not violate the Constitution. *Id.* at 88, 108 S.Ct. 2273. But this does not change the way that the Court of Criminal Appeals has interpreted state law. *See Martinez v. State,* 763 S.W.2d 413 n. 2 (Tex.Crim.App.1988).

We also disagree with the Court of Appeals's reliance on *Jones v. State,* 982 S.W.2d 386, 391 (Tex.Crim.App.1998). In that case the Court held that "the erroneous excusing of a challenge of a veniremember will call for reversal only if the record shows that the error deprived the defendant of a lawfully constituted jury." [8] One rationale for this holding was that a defendant has no right to have a particular venire member serve on the jury. *See Jones,* 982 S.W.2d at 393. That is not the situation with which we are dealing in this case. A defendant has a right to *not* have a particular venire member on the jury *if* the venire member is challengeable for

---

7. The language of Article 35.14 remains the same as its predecessor, Article 690. *See Kerley,* 89 Tex.Crim. at 201, 230 S.W. at 164.

8. With its holding, the Court overruled *Payton v. State,* 572 S.W.2d 677 (Tex.Crim.App.1978).

cause or the defendant exercises one of his peremptory challenges.

■ We hold that under the facts of this case [9] harm was shown for the erroneous denial of the appellant's challenges for cause because the record indicates that the appellant (1) used a peremptory challenge to remove the venire members, (2) exhausted his peremptory challenges, (3) requested and was denied additional peremptory challenges, and (4) identified two objectionable venire members who sat on the jury and on whom the appellant would have exercised peremptory challenges had he not exhausted his peremptory challenges to correct the trial court's erroneous denial of his challenges for cause.

Because the appellant was harmed by the trial court's error, he is entitled to a new trial. *See Carson v. State,* 6 S.W.3d 536, 539 (Tex.Crim.App.1999). The judgment of the Court of Appeals is vacated, and the case is remanded to the trial court for a new trial.

KELLER, P.J., filed a concurring opinion in which KEASLER, J., joined.

JOHNSON, J., filed a concurring opinion.

MEYERS, J., concurs.

HERVEY, J., filed a dissenting opinion.

KELLER, P.J., delivered a concurring opinion in which KEASLER, J. joined.

I agree with the Court that Texas Rule of Appellate Procedure 44.2(b) announces the appropriate harm standard for this case, and I agree that Rule 44.2(b) does not place burdens upon either party but requires the reviewing court to determine harm on its own examination of the record. I write separately for three reasons: (1) to clarify the interplay between *Ross v. Oklahoma,*[1] *Wolfe v. State,*[2] and *Jones v. State,*[3] (2) to disavow any implication that meeting the traditional preservation of error test for the denial of for-cause challenges establishes harm regardless of any other factors that may be present in the case and (3) to record my disagreement with a statement of the Court regarding error and the makeup of the jury.

*Ross* is a federal constitutional case, and so has no application to a question of state law. In finding that the denial of a peremptory challenge did not violate the federal constitution, the Supreme Court emphasized that peremptory challenges are not of constitutional dimension but are a creature of statute.[4] While the Court discussed Oklahoma law, it did not actually hold that a violation of Oklahoma law with regard to peremptory challenges would amount to a constitutional violation; the Court simply assumed for the sake of argument that such could be the case.[5] The Court then discussed Oklahoma law and found that Oklahoma law did not give the defendant an unbridled right to exercise peremptory challenges but required that peremptories be used to cure trial court

---

9. We do not assume that there will *never* be a case of harmless error when the record demonstrates that the appellant followed the steps above. Under the facts of this case, the record demonstrates that the appellant was harmed by the trial court's erroneous denial of two challenges for cause when the appellant lost the use of two peremptory challenges.

1. 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988).

2. 147 Tex.Crim. 62, 178 S.W.2d 274 (1944).

3. 982 S.W.2d 386 (Tex.Crim.App.1998).

4. *Ross,* 487 U.S. at 88–89, 108 S.Ct. 2273.

5. *Id.* at 89, 108 S.Ct. 2273.

errors regarding for cause challenges.[6]

Texas statutory law gives the defendant a right to exercise a certain number of peremptory challenges, depending on the type of case.[7] Texas statutory law also provides that "A peremptory challenge is made to a juror without assigning any reason therefor."[8] In *Wolfe*, we interpreted the predecessors to those provisions (which are materially the same as the current provisions with regard to the issue at hand) to confer upon the defendant an unbridled right to exercise the number of peremptory challenges given.[9] This unbridled right is violated when the defendant is forced to use a peremptory challenge on a juror who should have been removed for cause, and as a result, the defendant is required to accept a different juror who is objectionable to him.[10] As the Court correctly states, the Supreme Court's discussion of Oklahoma law has no bearing upon the issue before us because Texas' conception of peremptory challenges, as a matter of state law, is different from that held by Oklahoma at the time *Ross* was decided.

The right at issue in the present case, then, is the right to an unbridled use of the number of peremptory challenges given.[11] This right distinguishes the present case from *Jones*. In *Jones*, we held that the erroneous granting of a challenge for cause constitutes reversible error only if the record shows that the defendant was deprived of a lawfully constituted jury.[12] The defendant in *Jones* was not forced to expend a peremptory challenge to cure the trial court's error. The most the defendant could claim is that trial court's granting of a challenge for cause effectively gave the State an *extra* peremptory challenge. But there is no right to prevent the State from obtaining what might be construed as an extra peremptory challenge. In fact, we explained in *Jones* that courts ought to follow a policy of liberally granting challenges for cause.[13] When a challenge for cause is erroneously denied, however, that policy in *Jones* is thwarted. Courts should err on the side of granting for cause challenges, not on denying them.

Of course, the traditional preservation test imposes certain requirements upon the defendant to expend peremptory challenges in order to cure errors relating to challenges for cause. As the majority states, a defendant must (1) exercise a peremptory challenge on the prospective juror in question, (2) exhaust his peremptory challenges, (3) ask for more challenges, (4) be denied the appropriate extra challenges, and (5) point to at least one objectionable person seated upon the jury upon whom the defendant would have ex-

---

**6.** *Id.* at 90, 108 S.Ct. 2273.

**7.** Texas Code of Criminal Procedure, Article 35.15.

**8.** Texas Code of Criminal Procedure, Article 35.14.

**9.** *Wolfe,* 178 S.W.2d at 280 ("there is, in favorem vitae, allowed to the prisoner an arbitrary and capricious species of challenge to a certain number of jurors, without showing any cause at all," quoting Blackstone and Justice Story).

**10.** *Id.* at 279–281.

**11.** We recognize that there may be limitations imposed upon this right by the federal or state constitution or by other statutes. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); Texas Code of Criminal Procedure, Article 35.261.

**12.** *Jones,* 982 S.W.2d at 394.

**13.** There may perhaps be a right to prevent the State from gaining an overwhelming advantage through the acquisition of a highly disproportionate number of peremptory challenges or the erroneous granting a highly disproportionate number of challenges for cause. That is not an issue here.

ercised a peremptory challenge. A failure to fulfill any one of these requirements would show that the error was in fact harmless. If the defendant refuses to exercise a peremptory challenge on a particular person, then we can infer that the defendant did not believe he would be harmed by that person's presence on the jury. If the defendant fails to exhaust his peremptory challenges, then his right to the unbridled use of his challenges was not infringed. Similarly, if the defendant fails to ask for more challenges or fails to point to an objectionable person, then we can conclude that the defendant was able to exercise all of the peremptory challenges he desired. And if the trial court gives the defendant sufficient extra peremptory challenges then the error is cured because the defendant is given the unbridled use of the number of peremptory challenges conferred by statute.

Satisfying all of these requirements raises the inference that the defendant was forced to expend a peremptory challenge to cure the denial of a valid for-cause challenge and that the defendant was not given relief that would recompense him for his loss. So, I agree that satisfying all of these requirements is sufficient to show harm *absent other considerations*. But I would not foreclose the possibility that some additional factor in the record may show a lack of harm in a given case despite the defendant's compliance with the requirements outlined above. I am unaware of any additional circumstance in the present record that would indicate a lack of harm, and appellant has met all of the traditional requirements for showing harm in this situation. Therefore, I agree with the Court that he is entitled to a new trial.

Finally, the Court's statement that, "Denial of a proper challenge for cause is error because the makeup of the jury affects its decision" is inconsistent with our holding in *Jones*.

JOHNSON, J., concurring.

I join the majority opinion. I write separately to emphasize why the federal approach to peremptory challenges is not applicable in Texas.

In *United States v. Martinez–Salazar*, 528 U.S. 304, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000), the defendant and a co-defendant were charged with a variety of federal offenses. During the jury selection process, a prospective juror indicated several times that he would favor the prosecution. The co-defendants challenged him for cause, but the district court refused to excuse him. The defendant then used a peremptory challenge to remove the prospective juror. The co-defendants subsequently exhausted all of their peremptory challenges. Following his conviction, the defendant complained on appeal of the district court's refusal to strike the prospective juror for cause. The Ninth Circuit Court of Appeals held that the district court had abused its discretion, and that the District Court's mistake resulted in a violation of Martinez–Salazar's Fifth Amendment due process rights because it forced him to use a peremptory challenge curatively, thereby impairing his right to the full complement of peremptory challenges to which federal law entitled him. It held that such an error required automatic reversal. *Id.*, at 307–10, 120 S.Ct. at 777–78. However, the Supreme Court reversed, holding that a defendant's exercise of peremptory challenges pursuant to the federal rules of criminal procedure is not denied or impaired when the defendant chooses to use such a challenge to remove a juror who should have been excused for cause. *Id.*, at 315–7, 120 S.Ct. at 781–82.

In so holding, the Supreme Court noted that the issue presented in *Martinez–Sala-*

*zar* was "a problem in federal jury selection left open in *Ross [v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988) ]." *Martinez–Salazar,* 528 U.S. at 307, 120 S.Ct. at 777. In *Ross,* the defendant exercised a peremptory challenge to cure the trial court's error in denying a challenge for cause. *Ross,* 487 U.S. at 83–84, 108 S.Ct. at 2275–76. The Supreme Court rejected the position that, without more, "the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury," and held that "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." *Ross, supra.* The defendant further argued that forced use of a peremptory challenge to cure a trial court's error in denying a challenge for cause "arbitrarily depriv[ed] him of the full complement of … peremptory challenges allowed under Oklahoma law." *Id.* at 487 U.S. at 88–89, 108 S.Ct. 2273. The Supreme Court also rejected this challenge, holding that the defendant did not lose any right conferred by state law when he used one of his nine challenges to remove a juror who should have been excused for cause. Because the defendant received all that state law allowed him, and the fair trial that the Federal Constitution guaranteed, the court rejected his due process challenge. *Ross,* 487 U.S. at 90–91, 108 S.Ct. at 2279–80.

The holding in *Ross* was ultimately grounded on Oklahoma state law. The Supreme Court noted that "peremptory challenges are a creature of statute and are not required by the Constitution" and that:

It is a long settled principle of Oklahoma law that a defendant who disagrees with the trial court's ruling on a for-cause challenge must, in order to preserve the claim that the ruling deprived him of a fair trial, exercise a peremptory challenge to remove the juror. Even then, *the error is grounds for reversal only if the defendant exhausts all peremptory challenges and an incompetent juror is forced upon him. Ferrell v. State,* 475 P.2d 825, 828 (Okla.Crim.App.1970); *Stott v. State,* 538 P.2d 1061, 1064–1065 (Okla.Crim.App.1975). . . . Thus, although Oklahoma provides a capital defendant with nine peremptory challenges, this grant is qualified by the requirement that the defendant must use those challenges to cure erroneous refusals by the trial court to excuse jurors for cause.

*Ross,* 487 U.S. at 89–90, 108 S.Ct. at 2279 (citations omitted)(emphasis added). In *Martinez–Salazar,* the Supreme Court found that the primary rationale for peremptory challenges in federal court was the same as in Oklahoma courts: "to help secure the constitutional guarantee of trial by an impartial jury." *Martinez–Salazar,* 528 U.S. at 316, 120 S.Ct. at 782.

This rationale for peremptory challenges has long been rejected in Texas. The Oklahoma cases cited in *Ross* rely on an earlier case, *Johnson v. State,* 1 Okla. Crim. 321, 97 P. 1059 (Okla.Crim.App. 1908). *See Stott,* 538 P.2d at 1064–65; *Ferrell,* 475 P.2d at 828. That case in turn relied upon a Texas case in which it was stated that "[i]t was error to refuse to stand the juror aside, but the error becomes harmless in view of the fact that the juror did not sit upon the case; the defendant having rid himself of him by a peremptory challenge, and *no objectionable juror having set upon the case." Hudson v. State,* 28 Tex.App. 323, 13 S.W. 388, 390 (Tex.App.1890) (emphasis added); *see Johnson,* 1 Okla.Crim. 302, 97 P. at 1067 (citing *Hudson* ); *Ferrell,* 475 P.2d at 828 (citing *Johnson*).

More than fifty years ago, however, we rejected the rationale of *Hudson. Wolfe v. State*, 147 Tex.Crim. 62, 178 S.W.2d 274, 281 (1944) (op. on reh'g) (overruling *Hudson* ). In *Wolfe*, we explained that harm is shown by the fact that "[i]t was a peremptory challenge which was wrongfully taken from [the defendant]." *Id.* at 280–81. Since *Wolfe*, we have consistently reversed convictions and ordered a new trial when we have found that the trial court improperly denied a challenge for cause and thereby forced the defendant to use a peremptory challenge to remove the juror in order to correct error by the trial court.[1] We have done so because, when a trial court improperly denies a challenge for cause, the defendant must use a peremptory challenge to cure the error. If he thereafter prematurely exhausts all peremptory challenges and is unable to remove an unacceptable juror, harm has been shown. Although we have sometimes simply held that the defendant "preserved error" and that "reversible error" has been shown,[2] in *Martinez* we explained that "harm [is] shown in that [a defendant is] denied the use of at least one of his allotted peremptory challenges." *Martinez*, 763 S.W.2d at 415. That is, given the rationale for peremptory challenges in Texas, as explained in *Wolfe*, the procedure by which a defendant preserves error also shows that there has been harm to the defendant. *See* Tex.R.App.P. 44.2(b); *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim. App.1997).[3]

1. *See, e.g., Martinez*, 763 S.W.2d at 415–25; *Cumbo v. State*, 760 S.W.2d 251, 253–57 (Tex. Crim.App.1988); *Felder v. State*, 758 S.W.2d 760, 762–70 (Tex.Crim.App.1988); *Barrow v. State*, 688 S.W.2d 860, 861–63 (Tex.Crim.App. 1985); *Homan v. State*, 662 S.W.2d 372, 373–74 (Tex.Crim.App.1984); *Pierce v. State*, 604 S.W.2d 185, 185–88 (Tex.Crim.App.1980); *Cuevas v. State*, 575 S.W.2d 543, 544–46 (Tex. Crim.App.1978); *Williams v. State*, 565 S.W.2d 63, 65 (Tex.Crim.App.1978); *Hernandez v. State*, 563 S.W.2d 947, 948–50 (Tex. Crim.App.1978); *Gonzalez v. State*, 169 Tex. Crim. 49, 331 S.W.2d 748, 749 (1960); *Salazar v. State*, 149 Tex.Crim. 260, 193 S.W.2d 211, 212–13 (1946) (op. on original submission and reh'g).

The dissent asserts that the cases cited in this footnote are cases in which this Court reversed a conviction despite the fact that the defendants in those cases were tried by what the dissent considers a "fair and impartial jury." *Post*, at 12 (Hervey, J., dissenting). As the reader will note from the cases cited and the text accompanying this footnote, I have made no such assertion. There is nothing within the decisions in those cases which indicates that we made any such inquiry or that we came to any such conclusion; that was not the relevant inquiry in those cases. The issue in each of the cited cases was whether a defendant showed harm because the trial court erroneously denied a challenge for cause, thus forcing the defendant to remove the juror through use of a peremptory challenge. Our answer has consistently been, "Yes." As such, these cases simply stand for the proposition that a defendant should not be forced to use a peremptory challenge to cure error by the trial court.

2. *See, e.g. Cumbo*, 760 S.W.2d at 256–57; *Felder*, 758 S.W.2d at 766–67; *Homan*, 662 S.W.2d at 374; *O'Bryan v. State*, 591 S.W.2d 464, 473 (Tex.Crim.App.1979), *cert. denied*, 446 U.S. 988, 100 S.Ct. 2975, 64 L.Ed.2d 846 (1980); *Williams*, 565 S.W.2d at 65.

3. The dissent argues that *Ross* and *Martinez–Salazar* are "persuasive authority" for the instant case. *Post*, at 14 (Hervey, J., dissenting). However, as explained above, the fundamental premise of those cases, that the grant of peremptory challenges in those jurisdictions was for the purpose of curing erroneous refusals by the trial court to excuse jurors for cause, is radically different from the long-settled rationale for the grant of peremptory challenges in Texas. Thus, *Ross* and *Martinez–Salazar* should not be characterized as "persuasive authority."

The dissent also argues that the "intent" of art. 35.15 of the Texas Code of Criminal Procedure is not to authorize "unbridled" use of peremptory challenges, but to allow their use in order to get a fair and impartial jury. *Id.* at 13 (Hervey, J., dissenting). The cited

With these comments, I join the court's opinion.

HERVEY, J., filed a dissenting opinion.

I respectfully dissent to the Court's holding that Rule 44.2(b) of the Texas Rules of Appellate Procedure does not affect the judicially-created harm standard this Court adopted in its 1944 *Wolfe* decision for the erroneous denial of a defense challenge for cause. *See Johnson v. State*, 43 S.W.3d 1 (Tex.Cr.App.2001); *Wolfe v. State*, 147 Tex.Crim. 62, 178 S.W.2d 274, 279–81 (1944) (op. on reh'g). *Wolfe* adopted the now familiar harm standard: harm is shown when a defendant exercises a peremptory challenge on a veniremember whom the trial court should have excused for cause at the defendant's request, the defendant eventually uses all of his statutorily allotted peremptory challenges, and the defendant later unsuccessfully requests another peremptory challenge which he says he would exercise on another veniremember whom the defendant identifies as "objectionable" and who

actually sits on the jury. *See Wolfe*, 178 S.W.2d at 281; *see also Martinez v. State*, 763 S.W.2d 413, 415 (Tex.Cr.App.1988), cert. denied, 512 U.S. 1246, 114 S.Ct. 2765, 129 L.Ed.2d 879 (1994).

When these conditions are met, *Wolfe* concludes that the defendant has been "deprived" of a statutory peremptory challenge because one was used to remove a veniremember who should have been excused for cause. *See* Wolfe, 178 S.W.2d at 281; *see also Martinez*, 763 S.W.2d at 415. In retaining *Wolfe*, the Court, therefore, decides that the harm inquiry under Rule 44.2(b) is whether the erroneous denial of a defense challenge for cause "deprived" the defendant of at least one of his statutory peremptory challenges. *See Martinez*, 763 S.W.2d at 415. This harm standard requires the reversal of many convictions even when a defendant was tried by a fair and impartial jury. *See Johnson*, 43 S.W.3d at 11 fn 1 (Johnson, J., concurring) (citing various cases where this happened); *Wolfe*, 178 S.W.2d at 281.[1]

source from which this intent is discerned is a United States Supreme Court case from Georgia. Again, this argument misses the point that different jurisdictions may grant the use of peremptory challenges for different reasons.

Finally, the dissent argues that its approach to a harm analysis in the use of peremptory challenges is consistent with our decision in *Jones v. State*, 982 S.W.2d 386 (Tex.Crim.App. 1998), *cert. denied*, 528 U.S. 985, 120 S.Ct. 444, 145 L.Ed.2d 362 (1999). *Post*, at 14 (Hervey, J., dissenting). I believe that this assertion is incorrect for at least two reasons. First, *Jones* dealt with the erroneous *dismissal*, for cause, of a juror. *Jones*, 982 S.W.2d at 390. We held that such error was harmless unless the defendant could show that such error deprived him of a lawfully-constituted jury. *Id.* at 390–94. The erroneous *dismissal* of a juror is very different from the erroneous *denial of dismissal* of a juror for cause; the circumstances and holding in *Jones* do not support the idea that a defendant can have forced upon him a juror unacceptable to him.

Second, *Jones* does not support the contention that a defendant who has a juror that he finds unacceptable forced upon him has not been harmed unless he can show that he did not receive what the dissent considers a "fair and impartial trial." Rather, *Jones* supports the opposite result by its reaffirmation that "peremptory challenges are used to eliminate jurors who are thought (or felt) to be undesirable on a partisan evaluation," (*id.* at 393), a position with which the dissent's approach to peremptory challenges is at odds.

1. Without citation to any authority, the Court's opinion says the erroneous denial of a defense challenge for cause "is error because the makeup of the jury affects its decision." *See Johnson*, Slip op. at 7. Neither *Wolfe* nor relevant United States Supreme Court precedent support this statement. *See Ross v. Oklahoma*, 487 U.S. 81, 87–88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988) (possibility in cases like this that "the composition of the jury panel might have changed significantly"

The harm inquiry under Rule 44.2(b) should be whether the erroneous denial of a defense challenge for cause deprived the defendant of the constitutional right to a fair and impartial jury. For example, Article 1.03(5), V.A.C.C.P., clearly states that one of the objects of the Code of Criminal Procedure is to "insure a fair and impartial trial." Article 1.05, V.A.C.C.P., likewise provides that in all criminal prosecutions the accused shall have an impartial jury. The Legislature did not provide a defendant the right to the "unbridled" use of his peremptory challenges separate from the objective of securing a fair and impartial jury. To the contrary, Article 35.15, V.A.C.C.P., providing for peremptory challenges apparently is intended not to effectuate a party's right to the "unbridled" use of these peremptory challenges but to effectuate their traditional purpose of helping to secure the constitutional guarantee to a fair and impartial jury. See Georgia v. McCollum, 505 U.S. 42, 57, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992) (peremptory challenges are "one state-created means to the constitutional end of an impartial jury and a fair trial"). The Legislature has not expressly provided or otherwise suggested that appellate courts should reverse convictions of defendants who were tried by fair and impartial juries.

I, therefore, would adopt the pre-Wolfe harm standard in interpreting Rule 44.2(b) in cases such as this.[2] The only significant difference between this pre-Wolfe harm standard and that set forth in Wolfe is how each treats an "objectionable" juror who sits on the jury. See Wolfe, 178 S.W.2d at 281.

Under Wolfe a defendant need only say that the sitting juror is "objectionable" without explanation. See Wolfe, 178 S.W.2d at 281. Under the pre-Wolfe harm standard which the Court should re-adopt today, a defendant has to indicate why this sitting juror is "objectionable." See id. While this is usually done by showing that this juror is subject to a challenge for cause, other reasons could suffice as stated in Prewitt v. State, 145 Tex.Crim. 202, 167 S.W.2d 194, 197 (Tex.Cr.App.1942) (op. on reh'g) (internal quotations omitted), overruled sub silentio, Wolfe, 178 S.W.2d at 279–81:

> An objectionable juror, in the sense in which the term is used in this connection, means one against whom such cause for challenge exists as would likely affect his competency or his impartiality in the trial. Without some such showing it is idle simply to say that a juror is objectionable. Undoubtedly a juror subject to challenge for cause is objectionable, but the term objectionable in this connection also connotes some ground or cause, such as the formation of opinion, or some prejudice, which might be ground of challenge, and would tend to show that the juror was not absolutely fair and impartial. That the juror was objectionable in this sense may be shown by his answers on the voir dire, or by independent evidence of expressions of opinion prior to the trial, but not by his vote for conviction and penalty although others voted for a lighter sentence. Nor is the amount of damages awarded in a civil case ground for deeming a juror objectionable.

does not mandate reversal); Wolfe, 178 S.W.2d at 281 (harm standard based on "deprivation" of a peremptory challenge rationale).

2. Wolfe overruled a long line of cases, dating back to at least the 1890 Hudson case, that

effectively applied the denial of a fair and impartial jury harm standard. See Wolfe, 178 S.W.2d at 279–81, overruling, Hudson v. State, 28 Tex.App. 323, 13 S.W. 388, 389 (Tx.Ct.App.1890).

The pre-Wolfe harm standard would also be consistent with this Court's recent decision in *Jones v. State*, 982 S.W.2d 386, 391–94 (Tex.Cr.App.1998), cert. denied, 528 U.S. 985, 120 S.Ct. 444, 145 L.Ed.2d 362 (2000), in its assessment of harm under Rule 44(b)(2). *Jones* overruled prior case law that, like *Wolfe*, had held the erroneous grant of a prosecution challenge for cause under certain circumstances harms a defendant because it effectively gives the prosecution an extra peremptory challenge. *See Jones*, 982 S.W.2d at 393–94, overruling *Payton v. State*, 572 S.W.2d 677 (Tex.Cr.App.1978). *Jones* adopted a fair and impartial jury harm standard which is the same standard that the Court should adopt in this case. *See Jones*, 982 S.W.2d at 391–94.

Finally, the Court's opinion concludes that the United States Supreme Court's decision in *Ross* is inapplicable here because *Ross* does not affect how this Court "has interpreted state law." *See Johnson*, slip op. at 10. True, under principles of federalism, *Ross* does not affect judicially created state law harm standards so "long as the jury that sits is impartial." *See Ross*, 487 U.S. at 88, 108 S.Ct. 2273. But, *Ross* and the United States Supreme Court's more recent decision in *U.S. v. Martinez–Salazar* are still persuasive authority for the proposition that a defendant is not deprived of any statutory peremptory challenges when he uses a peremptory challenge to remove a juror who should have been excused for cause because this defendant, like the appellant in this case, still receives the number of statutory peremptory challenges that state law provides. *See Ross*, 487 U.S. at 90–91, 108 S.Ct. 2273 (defendant not deprived of any peremptory challenges provided by Oklahoma law when he used a peremptory challenge to remove a juror who should have been excused for cause); *see also U.S. v. Martinez–Salazar*, 528 U.S. 304,

120 S.Ct. 774, 780–82, 145 L.Ed.2d 792 (2000) (defendant not deprived of any peremptory challenges provided by federal law when defendant used a peremptory challenge to remove a juror who should have been excused for cause).

I respectfully dissent.