11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Mike Sanchez Salazar a/k/a Miguel Salazar

Appellant

Vs.                   No. 11-01-00289-CR B Appeal from Taylor County

State of Texas

Appellee

 

A jury convicted Mike Sanchez Salazar a/k/a Miguel
Salazar of aggravated robbery.  After a
presentence investigation, the trial court sentenced him to confinement for a
term of 25 years.  We reverse and
remand.

                                                                  Issues
Presented

Appellant presents three issues for appellate
review.  The first issue is dispositive,
and it  reads in full as shown:

The trial Court erred in overruling Appellant=s challenge for cause of a
prospective juror who acknowledged prejudice against the Appellant.

 

TEX.R.APP.P. 47.1 provides that our opinions are to be Aas brief as practical@ and indicates that the
opinions need not discuss issues unless they are Anecessary
to final disposition of the appeal.@[1]

                                                               Challenge
for Cause

The record shows that there were 32 members of the
venire who were examined during the trial of this case, that 3 venire members
were excused for cause, and that appellant=s
counsel moved to exclude Venireperson No. 1, 
Mary Kathryn Fair,  for
cause.  The record also shows the
following discussion outside the presence of the venire members:








THE COURT: 
Let=s get on
the record for just a minute.  I=ve talked with the
attorneys up here.  We=ve agreed to excuse Juror
16, Barry Joe Overton; Juror 30, who is Emily Autumn Jones; and Juror 32, who
is Gabrella Johnson Thomas.  Is that
satisfactory, gentlemen, to do that?

 

[DEFENSE COUNSEL]:  Yes, Your Honor, with respect to all three of those we would
agree....Your Honor, the only other one to whom we would object is Juror No. 1
[Ms. Fair], indicating that because of his tattoos she could not afford him the
presumption of innocence.

 

THE COURT: 
Any objection to number one?

 

[PROSECUTOR]: 
Yes, sir.  I think when I
questioned her in regards to her first question - - they go back on the
tattoos, but - - if she could listen to all the evidence and come to her own
decision based on that, she said she could.

 

THE COURT: 
Well, if a juror says they=re
prejudiced against a person who has tattoos, does that in and of itself
disqualify them if they - - once they say that?

 

                                                          *     *    
*

 

THE COURT: 
State wants me to overrule that challenge for cause?

 

[PROSECUTOR]: 
Yes, sir.  I think she qualified
herself.

 

THE COURT: 
All right.  Let the record
reflect the State believes I should not grant that challenge for cause and so I=m not going to.  I overrule that challenge.  That=s
on number one, Ms. Fair, F-a-i-r.  All
right.  Everything else in good shape.

 

[DEFENSE COUNSEL]:  Your Honor, we would request one additional peremptory strike to
take the place of the strike which we=ll
be forced to use on Ms. Fair.

 

THE COURT: 
State object to that?

 

[PROSECUTOR]: 
Yes, sir.

 

THE COURT: 
Okay.  Your request is denied. 

 








The record shows that appellant=s counsel used his 10
peremptory challenges to strike the following members of the venire:
Venireperson No. 1 (Mary Kathryn Fair) and Venirepersons Nos. 6, 9, 10, 13, 14,
17, 18, 34, and 35.  Since 3 of the
original 36 members of the venire had been excused by agreement, the first 32
remaining members of the venire included Venirepersons Nos. 34 and 35.  All of them were potential members of the
jury unless peremptorily challenged by the State or appellant.  After the recess for making the peremptory
strikes, the record shows the following proceedings in open court but outside
the presence of the venire:

THE COURT: 
Okay.  The parties have made
their strikes.  Mr. Johnson, the jury
panel is not back in the courtroom.  You
said you had a matter you needed to put on the record before we have the jury
panel brought back in?

 

[DEFENSE COUNSEL]:  Yes, Your Honor.  For the
record, both sides have made their strikes. 
We once again would request that we be granted an extra peremptory
challenge in lieu of the challenge which we were required to use on Juror No.
1, Ms. Mary Fair.  For the reasons
previously stated we believe she should have been struck for cause but we were
required to use a peremptory strike on that. 
We were required to accept Juror No. 7, which is Mr. Barry Hendricks,
whom we would have used the strike on had we been granted an additional strike,
because he has been the victim of burglaries on five separate occasions; we
would have used that strike on him. 
And so we would request another strike.

 

THE COURT: 
The State still object --

 

[PROSECUTOR]: 
The State still objects, Your Honor.[2]

 

THE COURT: 
All right.  I overrule the
request.  (Emphasis added)

 

During the State=s
voir dire examination of the venire, the prosecutor asked if any of them had
family or friends in law enforcement. 
Venireperson Fair raised her hand. 
When the prosecutor asked her, she said that she was Apretty good friends with
assistant chief Dye=s
wife, Ann Dye.@  She also said that her husband used to work
with Chief Dye and that she had Aknown
them for twenty-plus years.@  Later in the State=s voir dire examination of the venire, the
prosecutor asked Venireperson Fair if she thought that knowing the assistant
police chief=s wife
would prevent her Afrom
being fair and unbiased@
as a juror.  Her answer was: ANot because of that
friendship.  I just have faith in the
police department.@  








During the examination of the venire by appellant=s counsel, Venireperson
Fair indicated that she knew what a Abeer
run@ was.  She said that her son had worked in a
convenience store and that a Abeer
run@ is where someone
will run into the store, grab the beer out of the cooler, and run out of the
store without paying for it.  Later,
appellant=s counsel
asked the venire to let him know if there was anyone who, if they had his job,
would not want someone like them on the jury, and he had this discussion with
Venireperson Fair:

[DEFENSE COUNSEL]:  Would you want you on the jury? 
No?  Okay.  Is there anything more than what you=ve already told us that
would allow us to understand that?

 

VENIREPERSON FAIR:  I probably am a little prejudiced.  (Emphasis added)

 

Venireperson Fair then explained that her
prejudice was against Atattoos,@ and the record shows that
appellant has tattoos.  There was no
further examination of this venireperson by either attorney or by the trial
court to determine whether she would be able to set that prejudice aside and
not consider the tattoos for any purpose against appellant.

                                                               Standard
of Review

TEX. CODE CRIM. PRO. ANN. art. 35.16 (Vernon 1989
& Supp. 2001) lists the reasons which authorize a Achallenge for cause@ which may be made by either the State or the
defense.  Article 35.16(a)(9) provides
that a particular juror is incapable or unfit to serve on the jury if he or she
Ahas a bias or
prejudice in favor of or against the defendant.@  

The Court of Criminal Appeals recently discussed
the problem which is now before us in Johnson v. State, 43 S.W.3d 1
(Tex.Cr.App.2001).  Relevant portions of
the majority opinion read as shown:

Harm for the erroneous denial of a challenge for
cause is determined by the standard in Rule of Appellate Procedure
44.2(b)....Today we hold that Rule 44.2(b) does not change the way that harm is
demonstrated for the erroneous denial of a challenge for cause.

 

                                                           *    *   
*

 

The appropriate standard of harm is to disregard
an error unless a substantial right has been affected.  Tex. Rule App. P. 44.2(b).  We have held that a substantial right is
affected when the error has a substantial and injurious effect or influence in
determining the jury=s
verdict.   








                                                           *    *   
*

 

We agree with the appellant that no burden to show harm should be
placed on the defendant who appeals....Rather, it is the duty of the reviewing
court to assess harm from the context of the error.

 

                                                           *    *   
*

 

Since 1944, harm has been demonstrated, and the error held
reversible, when the appellant (1) exercised his peremptory challenges on the
venire member whom the trial court erroneously failed to excuse for cause, (2)
exhausted his peremptory challenges, (3) was denied a request for additional
peremptory challenges, and (4) identified an objectionable juror who sat on the
case.

 

                                                    This
Court=s Ruling

Issue No. 1 is
sustained.  The other two issues need
not be discussed.  See Rule 47.1.  The judgment of the trial court is reversed,
and the cause is remanded.

 

BOB DICKENSON

SENIOR JUSTICE

 

December 20, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot,
C.J., and

McCall, J., and Dickenson, S.J.[3]











[1]Appellant argues in his other two issues that the trial
court abused its discretion in overruling his objection under TEX.R.EVID. 404
to the State=s introduction of an extraneous offense (aggravated
robbery of the same convenience store one day earlier) and in overruling his
objection under TEX.R.EVID. 403 that the prejudicial effect of the evidence of
that extraneous offense outweighed its probative value.

 

 





[2]We note that there still remained one extra prospective
member of the venire.





[3]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.