MEMORANDUM OPINION




No. 04-03-00040-CR



Ryan Shea BLAKENEY,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court, Real County, Texas


Trial Court No. 02-05-1361-CR


Honorable W.B. Sansom, Jr., Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: October 8, 2003


AFFIRMED

 Ryan Shea Blakeney ("Blakeney") appeals his conviction of furnishing alcohol to a minor. The sole
issue Blakeney raises on appeal is that the trial court erred in denying his motion for mistrial based on
statements made by a potential juror during a recess in voir dire. We overrule Blakeney's contention and
affirm the trial court's judgment.

 During a recess in voir dire, one of the potential jurors commented that she was aware of the
circumstances underlying the case, but she did not comment on Blakeney's guilt or provide specific
information regarding the circumstances. The juror who made the comments, and another potential juror
who stated that the comments made her biased were struck for cause. Instead of moving to strike the
remaining jurors for cause, Blakeney's counsel moved for a mistrial, which was denied. Blakeney's counsel
used a peremptory strike to remove a potential juror who others identified as possibly being present but
who denied hearing anything that was discussed. Blakeney did not request any additional peremptory
challenges.

 "Mistrial is a remedy appropriate for a narrow class of highly prejudicial and incurable errors."
Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). A trial court's denial of a mistrial is
reviewed under an abuse of discretion standard. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App.
1999). "Determinations of historical fact and assessment of witness credibility and believability are left
almost entirely to the discretion of the trial judge, and where there is conflicting evidence, there is no abuse
of discretion if the motion [for mistrial] is overruled." Hughes v. State, 24 S.W.3d 833, 842 (Tex. Crim.
App. 2000).

 The proper procedure to follow if a defendant believes some fact renders a potential juror
incapable or unfit to serve on the jury is to challenge the potential juror for cause. Tex. Code Crim. Proc.
Ann. art. 35.16 (Vernon 1989). If a challenge for cause is erroneously denied, a defendant can only
demonstrate harm when he: (1) exercises his peremptory challenge on the venire member whom the trial
court erroneously failed to excuse for cause; (2) exhausted his peremptory challenges; (3) was denied a
request for additional peremptory challenges; and (4) identified an objectionable juror who sat on the case.
Johnson v. State, 43 S.W.3d 1, 5-6 (Tex. Crim. App. 2001).

 In this case, Blakeney did not challenge the jurors who potentially overheard the conversations for
cause, Blakeney did not request any additional peremptory challenges, and Blakeney has failed to identify
an objectionable juror who sat on the case. Although Blakeney exercised one of his peremptory strikes
to remove a potential juror who was identified as having been present when the statements were made, the
trial court could have believed the potential juror's testimony that she did not have any knowledge of those
statements, and such a determination would not constitute an abuse of discretion in view of the conflicting
evidence. Hughes, 24 S.W.3d at 842. In view of the foregoing, we hold that the trial court did not abuse
its discretion in denying Blakeney's motion for mistrial.


 Alma L. López, Chief Justice


DO NOT PUBLISH