NO. 07-06-0011-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 28, 2006



______________________________




MICHAEL SCOTT, TDCJ-ID NO. 683064, APPELLANT



V.



WARDEN WILLIAM WALKER, ET AL, APPELLEES



_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 92741-B; HONORABLE JOHN B. BOARD, JUDGE



_______________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.



MEMORANDUM OPINION



 Appellant Michael Scott perfected this appeal from the trial court's order dismissing
his action against appellees for want of prosecution. The clerk's record has been filed. As
no evidentiary hearings were conducted before the trial court, there is no reporter's record. 
After granting Scott two extensions of time to file his appellate brief, Scott's brief was due
to be filed by June 5, 2006. Appellant had failed to file a brief by the June 5 deadline. This
court then notified Scott, by letter, that he must file a brief or a response reasonably
explaining his failure to file a brief by June 26, 2006, or the appeal would be subject to
dismissal for want of prosecution. Scott has not filed a brief or a response.

 Due to Scott's failure to comply with the directive of this court, we dismiss the appeal
for want of prosecution. See Tex. R. App. P. 38.8(a)(1) and 42.3(b) and (c).


 Mackey K. Hancock

 Justice




M>146 S.W.3d 654, 670 (Tex. Crim. App. 2004)
(reconfirming the rule espoused in Cockrell). 

 The second instance of purported misconduct occurred during the following
exchange: 

 [Prosecutor]: Troy Timmins [a licensed counselor and sex abuse treatment
provider] also told me something once a long time ago when I first started
doing this type of work. He told me child abuse - - 


 [Defense counsel]: Your Honor, I think at this point in time I need to object
based on the fact that that's not evidence nor inference from that evidence.


 [Court]: Sustained.


 [Prosecutor]: And I'm just quoting him as argument, Your Honor. I'm not
introducing any statistics. 


 [Court]: Okay. You may.


 [Prosecutor]: He told me a long time ago, he said Amy, child sexual abuse
is like murder of the soul. And it is . . . . 

The prosecutor's statement interjected facts outside the record and, therefore, was
objectionable, according to appellant. Assuming arguendo that appellant is correct, we
nonetheless hold that the conduct was not harmful. 

 Jury argument outside of the record is non-constitutional error. Klock v. State, 177
S.W.3d 53, 65 (Tex. App.-Houston [1st Dist.] 2005, pet. ref'd). Such error warrants
reversal only if it affects substantial rights, i.e. when it had a substantial and injurious
influence on the jury's verdict. Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). 
And, in determining whether it so influenced the jury, we consider the severity of the
misconduct, the curative measures undertaken, and the certainty of the punishment absent
the misconduct. Klock v. State, 177 S.W.3d at 65.

 First, the record discloses that the trial court did not attempt to correct the conduct
or ameliorate its effect. Nonetheless, the expert to whom the prosecutor referred did testify
at the trial. While doing so, he discussed several times how male child victims of sexual
assault suffer from shame, embarrassment, and anxiety due to the "homosexual taboo"
associated with being assaulted by a male. So too did he opine that they "tend to hang on
to [the] abuse longer." (1) While this testimony may not contain reference to "murder of the
soul," it certainly depicts the severe mental impact sexual assault has upon male children. 
So, because the objectionable statement uttered by the prosecutor can be read to
somewhat capture the essence of testimony presented at trial, the alleged misconduct is
not as grave as appellant portrays. Finally, other evidence illustrated how appellant gained
the trust of and repeatedly assaulted the child involved in this prosecution as well as three
other minors over the years. Given this, we cannot say that the prosecutor's allegedly
improper argument substantially influenced the punishment (three life sentences) assessed
by the jury. Thus, the conduct was not harmful.

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice

Do not publish. 


 

1. Though the testimony was uttered during the guilt/innocence phase of the trial, it was also tendered
into the record during the punishment phase.