NO. 07-06-0123-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 6, 2006
_____

JAMES WELDON BURTON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16,692-B; HON. JOHN B. BOARD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, James Weldon Burton, appeals his convictions for three counts of aggravated sexual assault of a child by contending the State was allowed to present improper jury argument. The allegedly improper argument occurred during the punishment phase of the trial. We overrule the issue and affirm the judgment of the trial court.

The first instance of allegedly improper argument happened when the prosecutor was discussing the potential effect appellant's conduct had on his multiple victims. While

doing so, she stated: "And I'm sorry, I'm tearing up. It affected me more than I thought it would." To the extent that appellant contends this constituted improper argument, we note that no one objected to it. The failure to object to jury argument forfeits opportunity to complain of it later. *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). And, that appellant may believe the error was not of the ilk susceptible to amelioration through a court instruction is irrelevant; he still has the burden to object to preserve the supposed error. *Id.*; *accord, Threadgill v. State,* 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (reconfirming the rule espoused in *Cockrell*).

The second instance of purported misconduct occurred during the following exchange:

> [Prosecutor]: Troy Timmins [a licensed counselor and sex abuse treatment provider] also told me something once a long time ago when I first started doing this type of work. He told me child abuse - -
>
> [Defense counsel]: Your Honor, I think at this point in time I need to object based on the fact that that's not evidence nor inference from that evidence.
>
> [Court]: Sustained.
>
> [Prosecutor]: And I'm just quoting him as argument, Your Honor. I'm not introducing any statistics.
>
> [Court]: Okay. You may.
>
> [Prosecutor]: He told me a long time ago, he said Amy, child sexual abuse is like murder of the soul. And it is . . . .

The prosecutor's statement interjected facts outside the record and, therefore, was objectionable, according to appellant. Assuming *arguendo* that appellant is correct, we nonetheless hold that the conduct was not harmful.

2

Jury argument outside of the record is non-constitutional error. *Klock v. State,* 177 S.W.3d 53, 65 (Tex. App.–Houston [1ˢᵗ Dist.] 2005, pet. ref'd). Such error warrants reversal only if it affects substantial rights, *i.e.* when it had a substantial and injurious influence on the jury's verdict. *Johnson v. State,* 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). And, in determining whether it so influenced the jury, we consider the severity of the misconduct, the curative measures undertaken, and the certainty of the punishment absent the misconduct. *Klock v. State,* 177 S.W.3d at 65.

First, the record discloses that the trial court did not attempt to correct the conduct or ameliorate its effect. Nonetheless, the expert to whom the prosecutor referred did testify at the trial. While doing so, he discussed several times how male child victims of sexual assault suffer from shame, embarrassment, and anxiety due to the "homosexual taboo" associated with being assaulted by a male. So too did he opine that they "tend to hang on to [the] abuse longer."[1] While this testimony may not contain reference to "murder of the soul," it certainly depicts the severe mental impact sexual assault has upon male children. So, because the objectionable statement uttered by the prosecutor can be read to somewhat capture the essence of testimony presented at trial, the alleged misconduct is not as grave as appellant portrays. Finally, other evidence illustrated how appellant gained the trust of and repeatedly assaulted the child involved in this prosecution as well as three other minors over the years. Given this, we cannot say that the prosecutor's allegedly improper argument substantially influenced the punishment (three life sentences) assessed by the jury. Thus, the conduct was not harmful.

---

[1]Though the testimony was uttered during the guilt/innocence phase of the trial, it was also tendered into the record during the punishment phase.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Do not publish.