In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-01129-CR
____________

KENNETH JAMES GREEN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 891251




MEMORANDUM OPINIONA jury found appellant guilty of the state jail felony offense of evading arrest
and assessed punishment at 10 years’ confinement. In three points of error, appellant
argues that (1) he was denied effective assistance of counsel, (2) the trial court erred
in denying his motion for an instructed verdict of not guilty, and (3) the trial court
erred in admitting evidence of his prior convictions. We affirm.
No Variation Between Indictment and Prior Conviction
          In his first and second points of error, appellant relies on the premise that there
is a variation between the date of his previous conviction as alleged in the indictment
and the actual date appellant was previously convicted. In his first point of error,
appellant contends that he was denied effective assistance of counsel. In his second
point of error, appellant contends that the trial court erred in denying his motion for
an instructed verdict of not guilty. Specifically, appellant contends that the evidence
was insufficient to prove that he had been previously convicted of evading arrest
because of a variance in the date of the judgment of the prior conviction (February
15, 1991) and the date alleged in the indictment (September 13, 1991). 
          Appellant’s arguments are without merit. The indictment in the instant case
alleged that appellant had been previously convicted of the offense of evading arrest
on September 13, 1991. The State offered State’s Exhibit 1, a copy of the judgment
and sentence, into evidence to prove this prior conviction. The first page of State’s
Exhibit 1 indicates that the judgment date was February 15, 1991. However, the
second page of State’s Exhibit 1 states that, 
On this the 15th day of February, A.D. 1991, the court reset
this case to the 13th day of September, A.D. 1991 for judgment
and sentence. 
On the 13th day of September, A.D. 1991, the Trial
proceeded before the Court and after having heard the
information read, the Defendant’s above indicated plea thereto,
and the evidence submitted, the Court found the Defendant guilty
of the offense indicated above, a misdemeanor, and assessed the
punishment indicated above.
 
          It also indicates that the judgment was signed and entered on September 13,
1991. 
          Because the punishment was assessed and the judgment and sentence were
actually signed and entered on September 13, 1991, there was, in fact, no variance in
the allegation in the indictment and the proof. Thus, appellant’s trial counsel did not
render ineffective assistance in not objecting to the alleged variance. And, the trial
court did not err in denying appellant’s motion for instructed verdict.
          We overrule appellant’s first and second points of error.
Admission of Evidence
          In his third point of error, appellant contends that the trial court erred in
admitting evidence of his numerous prior misdemeanor convictions. The admission
and exclusion of evidence is committed to the trial court’s sound discretion and will
not be reversed absent an abuse of discretion. Goff v. State, 931 S.W.2d 537, 553
(Tex. Crim. App. 1996). An abuse of discretion occurs where the trial court acts
without reference to any guiding rules or principles, or in other words, whether the
act was arbitrary or unreasonable. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1991). 
          On direct examination, appellant testified that, after he saw the emergency
lights of a police car which was following him, he pulled to the side of the road. 
When the officer reached appellant’s car and pulled the door handle, appellant sped
away. Appellant explained that he left the scene because he was afraid because
during a prior arrest, an officer had hit him on the head. He stated that he left to go
to a public place where others could witness the officers’s actions.
          Prior to cross-examining appellant, the State asked for a hearing outside the
presence of the jury. After the jury retired, the State argued that appellant had
“opened” the door to admission of his prior convictions because he mentioned that
he had been arrested before. The State also announced that it intended to ask
appellant about many of appellant’s prior convictions. Appellant conceded that the
State could admit his felony convictions that occurred within the last 10 years and
misdemeanors involving moral turpitude, but argued it would be irrelevant, improper,
and prejudicial to admit his convictions that occurred more than 10 years ago. The
trial court overruled all of appellant’s objections. The State then proceeded to ask
appellant about numerous felony and misdemeanor convictions. 
          Even if the trial court erred in admitting this evidence, we hold that the error
was harmless. We apply rule 44.2(b) to determine whether the trial court's error
constitutes reversible error. Tex. R. App. P. 44.2(b); Bottenfield v. State, 77 S.W.3d
349, 359-60 (Tex. App.—Fort Worth 2002, pet. ref’d). Non-constitutional error must
be disregarded unless it affects substantial rights of the defendant. Johnson v. State,
43 S.W.3d 1, 4 (Tex. Crim. App. 2001). A substantial right is affected when the error
had a substantial and injurious effect or influence in determining the jury’s verdict. 
King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); Hankton v. State, 23
S.W.3d 540, 548 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). A conviction
should not be overturned for such error if this court, after examining the record as a
whole, has fair assurance that the error did not influence the jury, or had but a slight
effect. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).
          Appellant does not challenge the admission into evidence of his previous
felony convictions for burglary of habitation (two of them), possession of cocaine,
theft, and robbery. He complains of the admission into evidence of seven prior
misdemeanor convictions. Regarding four of the seven misdemeanors convictions,
appellant either denied he was convicted of the offense or did not respond to the
question asking whether he was convicted. The State did not impeach appellant’s
testimony and did not offer the relevant judgments into evidence during the guilt
stage of trial. Thus, in determining whether appellant was harmed, we consider only
the remaining three misdemeanor convictions that appellant (1) admitted to, or (2)
denied, but the State introduced the judgment for the offense during the guilt stage
of trial. These three misdemeanors are: evading arrest, (trial court cause number
9112939), possession of marijuana, (trial court cause number 9021697), and assault,
(trial court cause number 411124). 
          Given appellant’s numerous felony convictions that were admitted into
evidence and not challenged on appeal, we conclude that, if the trial court erred in
admitting evidence of these three misdemeanor convictions, such error did not
influence the jury, or had but a slight effect.
          We overrule appellant’s third point of error.Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Adele Hedges
                                                                        Justice
Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).