COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.  2-05-061-CR

        2-05-062-CR

 

 

VERONN C. FAVORS                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

              ON
PETITION FOR DISCRETIONARY REVIEW

 

                                              ------------

After reviewing Appellant=s petition for discretionary review, we modify our opinion and
judgment in this appeal.  See Tex. R. App. P. 50.  We withdraw our May 25, 2006 memorandum
opinion and judgment and substitute the following.








Appellant Veronn C. Favors
appeals from his convictions for sexual assault and burglary.  The evidence presented at trial showed that
Appellant carjacked D.M. and J.C. in the parking lot of a health clinic.  He ordered D.M. to drive while he forced J.C.
to perform oral sex on him in the back seat. 
D.M. deliberately drove the car into cross-traffic to stop the
assault.  Appellant got out of the car
and ran away.  Another complainant, J.B.,
testified that Appellant forced his way into her house on the same morning and
began to strangle her.  She bit his hand,
and Appellant ran away.  Police
apprehended Appellant soon thereafter.  A
jury convicted Appellant of sexual assault and burglary and sentenced him to
fifty-two years in prison.  This appeal
followed.

In his sole point, Appellant
argues that the trial court erred by allowing Detective Shari Schloeman to
testify, over Appellant=s relevancy
and unfair-prejudice objections, that Appellant stroked his erect penis through
his clothes while she talked to him in a police station interrogation room
after he was arrested:

Q.     While you were talking to Veronn Favors, did he do something
that drew your attention to him?

 

A.     Yes, ma=am.

Q.     What was he doing?

A.     He was stroking his penis.

Q.     And did you look at his
penis when he was stroking it?








A.     I did.

Q.     Did he have an erection?

A.     Yes, ma=am, he did. 

The State concedes that the
admission of this evidence was error but argues that the error was
harmless.  Assuming without deciding that
the trial court erred by admitting the testimony, we hold that the error was
harmless.








The erroneous admission of
evidence is non‑constitutional error under rule 44.2(b).  Tex.
R. App.  P. 44.2(b); Johnson v.
State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
Any non‑constitutional error that does not affect substantial
rights must be disregarded.  Tex. R. App. P. 44.2(b); Johnson v.
State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). A substantial right is
affected when the error had a substantial and injurious effect or influence in
determining the jury=s
verdict.  King, 953 S.W.2d at 271
(citing Kotteakos v. United States, 328 U.S. 750, 776, 66 S. Ct. 1239,
1253 (1946)).  In making this
determination, we review the record as a whole.  See Johnson v. State, 967 S.W.2d at
417.  The presence of overwhelming
evidence of guilt, though only one factor in the analysis, plays a
determinative role in resolving the issue. 
Motilla v. State, 78 S.W.3d 352, 356-57 (Tex. Crim. App.
2002).  Other factors relevant to the
harm analysis are the character of the alleged error and how it might be
considered in connection with other evidence in the case and whether the State
emphasized the error.  Id. at
355-56.  The reviewing court may also
consider the jury instructions, the State=s theory and any defensive theories, closing arguments, and even voir
dire, if applicable.  Id.

In this case, D.M. and J.C.
testified that Appellant carjacked them and forced J.C. to perform oral sex on
him.  J.B. testified that Appellant
forced his way into her house and tried to strangle her.  DNA evidence corroborated J.B.=s identification of Appellant as the man who broke into her home.  D.M., J.C., and J.B. all positively
identified Appellant in court.  Other witnesses
connected Appellant to the scenes of both crimes.  Appellant offered no evidence in his
case-in-chief.  Thus, the evidence of
guilt was overwhelming.

The character of the error
and how it might be considered in connection with the other evidence also
militate against harm.  While the
erroneously-admitted evidence was irrelevant and somewhat prejudicial, it was
not misleading or confusing.

Finally, the State did not
emphasize the error.  The complained-of
testimony consists of only four questions and four answers.  The State did not mention the testimony in
closing argument. 








We conclude that, in the
context of the entire case against Appellant, the admission of Detective
Schloeman=s testimony
did not have a substantial or injurious effect on the jury=s verdict and did not affect Appellant=s substantial rights.  See
King, 953 S.W.2d at 271.  Thus, we
disregard the error.  See Tex. R. App. P. 44.2(b).  We therefore overrule Appellant=s sole point and affirm the trial court=s judgments.

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 18, 2006











[1]See Tex. R. App. P. 47.4.