FAVORS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-05-061-CR

        2-05-062-CR

VERONN C. FAVORS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
ON PETITION FOR DISCRETIONARY REVIEW

------------

After reviewing Appellant’s petition for discretionary review, we modify our opinion and judgment in this appeal.  
See
 
Tex. R. App. P. 
50.  We withdraw our May 25, 2006 memorandum opinion and judgment and substitute the following.

Appellant Veronn C. Favors appeals from his convictions for sexual assault and burglary.  The evidence presented at trial showed that Appellant carjacked D.M. and J.C. in the parking lot of a health clinic.  He ordered D.M. to drive while he forced J.C. to perform oral sex on him in the back seat.  D.M. deliberately drove the car into cross-traffic to stop the assault.  Appellant got out of the car and ran away.  Another complainant, J.B., testified that Appellant forced his way into her house on the same morning and began to strangle her.  She bit his hand, and Appellant ran away.  Police apprehended Appellant soon thereafter.  A jury convicted Appellant of sexual assault and burglary and sentenced him to fifty-two years in prison.  This appeal followed.

In his sole point, Appellant argues that the trial court erred by allowing Detective Shari Schloeman to testify, over Appellant’s relevancy and unfair-prejudice objections, that Appellant stroked his erect penis through his clothes while she talked to him in a police station interrogation room after he was arrested:

Q. While you were talking to Veronn Favors, did he do something that drew your attention to him?

A. Yes, ma’am.

Q. What was he doing?

A. He was stroking his penis.

Q. And did you look at his penis when he was stroking it?

A. I did.

Q. Did he have an erection?

A. Yes, ma’am, he did. 

The State concedes that the admission of this evidence was error but argues that the error was harmless.  Assuming without deciding that the trial court erred by admitting the testimony, we hold that the error was harmless.

The erroneous admission of evidence is non-constitutional error under rule 44.2(b).  
Tex. R. App.  P
. 44.2(b); 
Johnson v. State
, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); 
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  Any non-constitutional error that does not affect substantial rights must be disregarded. 
 Tex. R. App. P
. 44.2(b); 
Johnson v. State
, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). 
A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury’s verdict.  
King
, 953 S.W.2d at 271 (citing 
Kotteakos v. United States
, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)).  In making this determination, we review the record as a whole. 
 See Johnson v. State
, 967 S.W.2d at 417.  The presence of overwhelming evidence of guilt, though only one factor in the analysis, plays a determinative role in resolving the issue.  
Motilla v. State,
 78 S.W.3d 352, 356-57 (Tex. Crim. App. 2002).  Other factors relevant to the harm analysis are the character of the alleged error and how it might be considered in connection with other evidence in the case and whether the State emphasized the error.  
Id.
 at 355-56.  The reviewing court may also consider the jury instructions, the State’s theory and any defensive theories, closing arguments, and even voir dire, if applicable.  
Id.

In this case, D.M. and J.C. testified that Appellant carjacked them and forced J.C. to perform oral sex on him.  J.B. testified that Appellant forced his way into her house and tried to strangle her.  DNA evidence corroborated J.B.’s identification of Appellant as the man who broke into her home. 
 D.M., J.C., and J.B. all positively identified Appellant in court.  Other witnesses connected Appellant to the scenes of both crimes.  Appellant offered no evidence in his case-in-chief.  Thus, the evidence of guilt was overwhelming.

The character of the error and how it might be considered in connection with the other evidence also militate against harm.  While the erroneously-admitted evidence was irrelevant and somewhat prejudicial, it was not misleading or confusing.

Finally, the State did not emphasize the error.  The complained-of testimony consists of only four questions and four answers.  The State did not mention the testimony in closing argument. 

We conclude that, in the context of the entire case against Appellant, the admission of Detective 
Schloeman
’s testimony did not have a substantial or injurious effect on the jury’s verdict and did not affect Appellant’s substantial rights.  
See King
, 953 S.W.2d at 271.  Thus, we disregard the error.  
See
 
Tex. R. App. P.
 44.2(b).  We therefore overrule Appellant’s sole point and affirm the trial court’s judgments.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 18, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.