NO. 07-06-0123-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 6, 2006


______________________________



JAMES WELDON BURTON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 16,692-B; HON. JOHN B. BOARD, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant, James Weldon Burton, appeals his convictions for three counts of
aggravated sexual assault of a child by contending the State was allowed to present
improper jury argument. The allegedly improper argument occurred during the punishment
phase of the trial. We overrule the issue and affirm the judgment of the trial court.

 The first instance of allegedly improper argument happened when the prosecutor
was discussing the potential effect appellant's conduct had on his multiple victims. While
doing so, she stated: "And I'm sorry, I'm tearing up. It affected me more than I thought it
would." To the extent that appellant contends this constituted improper argument, we note
that no one objected to it. The failure to object to jury argument forfeits opportunity to
complain of it later. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). And,
that appellant may believe the error was not of the ilk susceptible to amelioration through
a court instruction is irrelevant; he still has the burden to object to preserve the supposed
error. Id.; accord, Threadgill v. State, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004)
(reconfirming the rule espoused in Cockrell). 

 The second instance of purported misconduct occurred during the following
exchange: 

 [Prosecutor]: Troy Timmins [a licensed counselor and sex abuse treatment
provider] also told me something once a long time ago when I first started
doing this type of work. He told me child abuse - - 


 [Defense counsel]: Your Honor, I think at this point in time I need to object
based on the fact that that's not evidence nor inference from that evidence.


 [Court]: Sustained.


 [Prosecutor]: And I'm just quoting him as argument, Your Honor. I'm not
introducing any statistics. 


 [Court]: Okay. You may.


 [Prosecutor]: He told me a long time ago, he said Amy, child sexual abuse
is like murder of the soul. And it is . . . . 

The prosecutor's statement interjected facts outside the record and, therefore, was
objectionable, according to appellant. Assuming arguendo that appellant is correct, we
nonetheless hold that the conduct was not harmful. 

 Jury argument outside of the record is non-constitutional error. Klock v. State, 177
S.W.3d 53, 65 (Tex. App.-Houston [1st Dist.] 2005, pet. ref'd). Such error warrants
reversal only if it affects substantial rights, i.e. when it had a substantial and injurious
influence on the jury's verdict. Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). 
And, in determining whether it so influenced the jury, we consider the severity of the
misconduct, the curative measures undertaken, and the certainty of the punishment absent
the misconduct. Klock v. State, 177 S.W.3d at 65.

 First, the record discloses that the trial court did not attempt to correct the conduct
or ameliorate its effect. Nonetheless, the expert to whom the prosecutor referred did testify
at the trial. While doing so, he discussed several times how male child victims of sexual
assault suffer from shame, embarrassment, and anxiety due to the "homosexual taboo"
associated with being assaulted by a male. So too did he opine that they "tend to hang on
to [the] abuse longer." (1) While this testimony may not contain reference to "murder of the
soul," it certainly depicts the severe mental impact sexual assault has upon male children. 
So, because the objectionable statement uttered by the prosecutor can be read to
somewhat capture the essence of testimony presented at trial, the alleged misconduct is
not as grave as appellant portrays. Finally, other evidence illustrated how appellant gained
the trust of and repeatedly assaulted the child involved in this prosecution as well as three
other minors over the years. Given this, we cannot say that the prosecutor's allegedly
improper argument substantially influenced the punishment (three life sentences) assessed
by the jury. Thus, the conduct was not harmful.

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice

Do not publish. 


 

1. Though the testimony was uttered during the guilt/innocence phase of the trial, it was also tendered
into the record during the punishment phase.