Affirmed and Memorandum Opinion filed June 12, 2007








Affirmed and Memorandum Opinion filed June 12, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00405-CR

NO. 14-06-00406-CR

____________

 

JOSE ALFREDO ZUNIGA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause Nos. 1053593
& 866778

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Jose Alfredo Zuniga, was convicted of indecency
with a child and aggravated sexual assault.  He was sentenced to eighteen years= confinement for
his conviction for indecency with a child and twenty-seven years= confinement for
his conviction for aggravated sexual assault, both sentences to be served in
the Texas Department of Criminal Justice, Institutional Division.  On appeal,
appellant contends the trial court erred by asking improper commitment
questions of the venire panel.  He also challenges the trial court=s refusal to
strike certain venire members for cause.  We affirm. 








I. 
Factual and Procedural Background

Because this appeal concerns alleged errors during jury
selection only, we focus our recitation of facts on this process.  We outline
the facts relating to appellant=s conviction and sentencing only briefly.

On December 20, 2000, appellant penetrated six-year-old
A.N.G.=s vagina with his
finger and made A.N.G. touch his penis.  A grand jury indicted appellant for
the felony offense of aggravated sexual assault of a child in January 2001.  In
January 2006, appellant was indicted by the grand jury for the related offense
of indecency with a child.  On April 10, 2006, a venire panel was assigned, and
the trial judge began voir dire of the panel members. 

 Because appellant elected to have the jury assess his
punishment, the judge summarized the range of punishment for these offenses as
follows:

So then, theoretically, the range of punishment for
an aggravated sexual assault of a child becomes 5 years to 10 years probation
and a fine up to $10,000 or 5 years in prison up to 99 years or life in prison
with a fine of up to $10,000.

On the indecency with a child, the
range of punishment then could become 2 years probation up to 10 years
probation and a fine of up to $10,000 or 2 years in prison up to 20 years in
prison and a fine of up to $10,000.

 

The
trial judge continued, stating that when people hear the titles of these
offenses, they are sometimes unable to consider the full range of punishment
because they Ahave in mind the most horrific set of facts
imaginable.@  She then provided factual scenarios, one involving a
seventeen-year-old male highschool student touching his thirteen year old
girlfriend=s vagina, and one involving an elderly man abducting
and raping a five-year-old girl.  In these scenarios, the judge explained, both
the seventeen-year-old student and the elderly man had committed aggravated
sexual assault of a child, but they might be situations a jury would consider
differently in deciding the appropriate punishment. 








The judge stated that she provided these examples to
illustrate to the potential jurors that many different facts can make up this
type of offense, but reminded the panel members that they did not know the
facts and circumstances of this particular case.   She emphasized that the law
requires jurors to keep an open mind until they hear the facts of a case and
only then decide what an appropriate punishment would be.  She asked the
members of the panel whether they could consider the full range of punishment
in this case.  Appellant then objected, stating that the judge was Aqualifying the jury
[o]n a specific set of facts and the two fact[] [patterns] that [were]
mentioned make[] it a lot easier for a jury to agree to say that they can
consider probation in a proper case.@  The judge
overruled his objection and began questioning the venire panel members about
whether they could consider the full range of punishment for these offenses. 
Both the State and appellant also had an opportunity to question the panel
members.

At the conclusion of voir dire, the judge struck several
panel members for cause at the request of the State or appellant, but overruled
several of appellant=s objections to certain panel members. 
After the State and appellant made their peremptory strikes, appellant
requested six additional strikes.  The trial court denied his request, and a
jury was empaneled.  Appellant objected to the jury.  Trial commenced on April
11, 2006.  After hearing the evidence, the jury found appellant guilty of the
offenses of aggravated sexual assault and indecency with a child, and sentenced
him  to eighteen years= confinement for his conviction for
indecency with a child and twenty-seven years= confinement for
his conviction for aggravated sexual assault.  This appeal timely followed.

II.       Analysis
of Appellant=s Issues

A.      Alleged
Improper Commitment Questions








Initially, appellant contends the trial court improperly
committed the jury to a specific factual scenario that harmed appellant. 
Specifically, appellant asserts the two factual circumstances provided by the
judge tended to bias or influence the jury toward a particular type of crime related
to the offense with which appellant was charged.  Thus, he argues that the
trial judge erred by posing improper commitment questions.

Commitment questions are those that require a venire panel
member to promise that he will base his verdict or course of action on some
specific set of facts before he has heard any evidence.  Sanchez v. State,
165 S.W.3d 707, 712 (Tex. Crim. App. 2005).  Such questions are improper when:
(1) no possible answer to the question would give rise to a challenge for
cause; or (2) the question includes facts beyond those necessary to establish a
challenge for cause.  Id.  However, not all commitment questions are
improper; Aquestions concerning a juror=s ability to
consider the full range of punishment for a particular offense [are] commitment
questions but are nevertheless proper.@  Standefer v.
State, 59 S.W.3d 177, 181 (Tex. Crim. App. 2001).  

Appellant contends that the trial judge Aprovided the
venire panel with two extreme variations of facts and coupled that with two
extreme variations on punishment and asked whether the panel could find the
appropriate punishment given these . . . scenarios.@  However, the
record reflects otherwise as the judge actually stated the following:

Aggravated sexual assault of a child could be, in
the State of Texas, a 17-year-old high school student who has a 13-year-old
girlfriend.  And they are dating . . . with the consent of their parents. . . .

And at some point during their dating relationship,
the 17-year-old with the consent of the 13-year-old removed her underwear and
touches her vaginal organ, doesn=t penetrate but touching.  Under our law, ladies and
gentleman, that 17-year-old has committed the offense of aggravated sexual
assault of a child because under our law a 13-year-old cannot consent.

So even though the 13-year-old comes into court and
says, Yes, I consented to that activity.  Under the law, that individual, that
17-year-old boy has committed the offense of aggravated sexual assault of a
child.  So that might be a situation that a jury would consider differently
in deciding what the appropriate punishment would be.








Contrast that to a situation where, let=s say, an elderly man goes to a
school every day, at the same time and watches the kids come out on the
schoolyard to play at recess.  And he spots a little girl who=s, let=s say, 5 years old and who=s in kindergarten.  And he watches
her everyday, let=s say, for a couple of months.

And after that he manages to coax
her to another area of the schoolyard where no one is supervising that area. 
And after he takes her into that area, he then abducts her and sexually
assaults her, perhaps even inserting his sexual organ into her sexual organ.  That
is also aggravated sexual assault of a child but that might be a scenario that
is viewed differently in assessing the punishment.

 

(Emphasis
added).  Contrary to appellant=s contentions, the trial judge did not in
any way tie these two hypothetical fact patterns to any range of punishment or
ask the venire members to make any commitment based on these scenarios.[1] 
Because the trial judge did not  attempt to bind the venire members to resolve
or refrain from resolving an issue on the basis of one or more of the facts
contained in her examples, her questioning of the panel was proper.  See,
e.g., Halprin v. State, 170 S.W.3d 111, 118B19 (Tex. Crim.
App. 2005) (holding that questioning of potential jurors was not improper
because it did not attempt to bind them to a certain resolution based on the
hypotheticals provided).  








In fact, the only commitment question the judge asked was
whether the venire panel members could keep an open mind and consider the full
range of punishment for the offenses with which appellant was charged.[2] 
Such commitment questions are proper because jurors must be able to consider
the full range of punishment.  See Standefer, 59 S.W.3d at 181.  We
therefore conclude that the only commitment questions asked by the judge were
proper and overrule appellant=s first issue.

B.      Challenges
for Cause

In his second issue, appellant argues the trial judge
improperly denied his challenges for cause because certain venire members
allegedly were not willing to consider probation under any circumstances. 
During voir dire, several venire members stated they would not consider
probation under any circumstances.  Several panel members also indicated they
did not consider probation punishment.  At the bench, appellant challenged, inter
alia, jurors 1, 6, 27, 40, 41, 49, and 52 for cause.  The trial court
overruled appellant=s objections to these jurors.  Appellant
later requested six additional peremptory strikes, but the trial court denied
his request.[3] 
Ultimately, jurors 6, 7, 12, 21, 28, 37, 39, 40, 41, 49, 52, and 53 were
empaneled.  








Citing Mathis
v. State, the State contends appellant did not preserve error on this issue
because he did not peremptorily challenge any of the complained-of prospective
jurors.  See Mathis v. State, 67 S.W.3d 918, 922 (Tex. Crim. App.
2002).  Several Court of Criminal Appeals cases state that to preserve error
on denied challenges for cause, an appellant must demonstrate on the record
that: (1) he asserted a clear and specific challenge for cause; (2) he used a
peremptory challenge on the complained‑of venire person; (3) all his
peremptory challenges were exhausted; (4) his request for additional strikes
was denied; and (5) an objectionable juror sat on the jury.  See, e.g.,
id.; see also Feldman v. State, 71 S.W.3d 738, 744 (Tex. Crim.
App. 2002).  However, other precedent indicates that these steps more properly
show harm from the erroneous denial of a defense challenge for cause.  See
Escamilla v. State, 143 S.W.3d 814, 821 (Tex. Crim. App. 2004); Newbury
v. State, 135 S.W.3d 22, 30B31 (Tex. Crim. App. 2004); Johnson v. State, 43 S.W.3d
1, 6B7 (Tex. Crim. App. 2001).  Because
our record reflects that appellant challenged these jurors for cause, sought
and was denied additional peremptory strikes for jurors 1, 6, 27, 40, 41, 49,
and 52, we do not agree with the State that appellant failed to preserve error
on this issue, even though he exhausted his peremptory challenges on other
jurors.  However, we need not consider whether this record is adequate to
demonstrate harm because, as explained below, we determine that the trial court
did not erroneously deny his challenges for cause. 

When reviewing a trial court=s decision to
grant or deny a challenge for cause, we look at the entire record to determine
if sufficient evidence supports the court=s ruling.  Feldman,
71 S.W.3d at 744.  We defer to the trial court=s ruling because
the trial judge is present to observe the demeanor of the venire person and to
listen to his or her tone of voice.  Id.  We give particular deference
to the trial court when the potential juror=s answers are
vacillating, unclear or contradictory.  King v. State, 29 S.W.3d 556,
568 (Tex. Crim. App. 2000). 








Here, the challenged panel members responded in the
negative to appellant=s question, ADo you think
probation is punishment?@  The record reflects appellant challenged
these venire members based on their responses to this question.[4] 
In denying appellant=s challenge of juror 1, the trial judge
explained, AThat doesn=t disqualify her
just because she=s saying [probation]=s not punishment. 
She has also said she could consider [probation], in the appropriate case.  So
that challenge is denied.@[5]  

Qualified prospective jurors must be willing to consider
the full range of punishment applicable to the offense.  Mason v. State,
116 S.W.3d 248, 255 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).  None of these
jurors definitively indicated that they could not consider the full range of
punishment.[6] 
Moreover, even if we construe their negative response to appellant=s question as an
indication that they would be unwilling to consider probation, they had all
earlier agreed that they could consider the full range of punishment, which
included probation.  Thus, at best, their responses were Avacillating,
unclear, or contradictory.@  See King, 29 S.W.3d at 568. 
Under these circumstances, we conclude appellant has failed to prove his
challenges for cause were erroneously denied and overrule his second issue.








III.      Conclusion

Having addressed and overruled each of appellant=s issues, we
affirm the judgment of the trial court.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed June 12, 2007.

Panel consists of
Justices Anderson, Fowler, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Indeed, the record reflects the judge=s basis for providing these examples: AAnd the reason I throw those examples out to you [is]
to illustrate to you there are all kinds of facts and circumstances that make
up this type of offense.  And . . . as a prospective juror, you don=t know the facts and circumstances of this case.@  (emphasis
added).





[2]  The record demonstrates the judge repeatedly
admonished the panel members that the law requires jurors who can consider the
full range of punishment:

[Trial Judge]:  So as a prospective juror what the law says is that you
be able to keep an open mind until you do hear the facts and then decide what
the appropriate punishment should be.  And that you not prejudge the case at
this time not knowing the facts of the case and say to yourself, No way I could
ever consider probation, no way I could never consider life in prison, until
you know the facts of the case.

* * *

So at this point, I=m going to ask
each of you if you can consider the full range of punishment.  And, ladies and
gentlemen, when I say consider, all I=m
asking is if you can keep an open mind.  I can=t tell you an appropriate case for probation.  I can=t tell you an appropriate case for life.  That=s what you=re
about to do B Texas allows the jury to [assess] the punishment
after hearing all the facts and circumstances of the case.

So I=m going to ask you if you can consider the full range
of punishment?  Again, what that means is can you keep an open mind until you
do hear the facts?  And then I=m going to ask you,
in the appropriate case, can you consider probation for those offenses?  When I
say appropriate, you get to decide what=s
appropriate.  I=m not asking you about any specific facts and
circumstances.





[3]  It appears that appellant used his peremptory
challenges on jurors 4, 10, 11, 16, 18, 23, 24, 25, 43, and 44.





[4]  For example, the following exchanges occurred:

[Trial Judge]: Starting with Number 1, what=s the basis of your challenge for cause to Number 1?

[Appellant]: Judge, she is saying that probation is not punishment. 
That means she cannot follow the rule B
she=s not qualified.

* * *

[Trial Judge]: What=s the basis of
your challenge to Number 6, please?

[Appellant]: Number 6 said that punishment B I mean probation is not punishment.  Therefore, she
is not qualified to sit as a juror because she will not give probation because
it=s not punishment.

* * *

[Trial Judge]: Basis of your challenge to 40?

[Appellant]: 40 and 41 the same objection, that probation is not
punishment and therefore they are not B

[Trial Judge]: Defendant=s
challenge to 40 and 41 is denied.





[5]  Although the judge did not explain her rationale for
denying the rest of appellant=s challenges
for cause of these panel members, because they were all made on the same basis,
we can logically conclude they were denied for the same reason.  





[6]  In fact, with the exception of juror 40, these
jurors also responded affirmatively to appellant=s question about whether they could consider the full range of
punishment, including probation.  And, although juror 40 indicated during
appellant=s questioning that she could not consider probation,
appellant did not challenge her on that basis.