Opinion issued July 12, 2007

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01010-CR

NO. 01-05-01035-CR






HILLIARD DOMINGO BOULDIN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 21st District Court 

Washington County, Texas

Trial Court Cause No. 14,329, Counts I and II






MEMORANDUM OPINION

 Appellant, Hilliard Domingo Bouldin, appeals from a judgment convicting
him of two felony counts of delivery of a controlled substance. Tex. Health &
Safety Code Ann. § 481.112(c) (Vernon 2006) (delivery of cocaine, 1 gram-4
grams); Tex. Health & Safety Code Ann. § 481.112(d) (Vernon 2006)
(delivery of cocaine, 4 grams-200 grams). Appellant pleaded not guilty to the jury
that heard both cases in a single trial. The jury found him guilty of both offenses,
and the trial court sentenced him to ten years' confinement for each offense, to run
concurrently. In two issues, appellant contends that the trial court erred by
admitting, over his hearsay objection, a document marked as Exhibit 9, and by
granting the confidential informant's motion invoking her Fifth Amendment
privilege. We affirm.

Background In December 2003, an officer assigned to the Independence Narcotics Task
Force in Washington County, Texas, entered into a confidential source agreement
with a new informant. The informant told him that her name was Dawn
McDaniel. (1) She printed and signed the name Dawn McDaniel on a Task Force
document entitled "Confidential Source--Code of Conduct." She also provided
her Social Security Number to the officer, who used the number to run a criminal
background check on Dawn McDaniel. 

 After the Department of Public Safety approved her, the informant began
purchasing narcotics under the supervision of Task Force officers. In March 2004,
in a hotel room in Brenham, Washington County, Texas, the informant met
appellant, who sold her cocaine on two occasions on the same day. Task Force
officers observed the transactions on a television monitor in an adjacent hotel
room. The transactions were also recorded on videotape. The substances that
appellant sold the informant were later determined to be 1.53 grams of cocaine and
5.88 grams of cocaine. Later that month, the informant positively identified
appellant from an array of six photographs as the person who sold her the
substances. 

 At trial, the State introduced the testimony of the two officers who observed
the transaction in the adjacent room and the laboratory chemist who tested the
cocaine. The State played for the jury the videotapes of the two transactions. Over
appellant's hearsay objection, the trial court admitted Exhibit 9, which states:
"Confidential Source--Code of Conduct . . . I, Dawn McDaniel, understand . . . ."
The document then described the manner in which the informant was expected to
conduct herself while working for the Task Force. The State also introduced into
evidence two other documents, identified as "Informant Payee Receipts," that were
each signed by "Dawn Jones McDaniel" on March 5, 2004, and showed that she
was paid funds in exchange for her information that led to a "controlled purchase." 
Appellant did not object to the introduction of the Payee Receipts. 

 At trial, the State attempted to call Dawn McDaniel to testify. She invoked
her Fifth Amendment right against self-incrimination, stating that she had been
arrested and charged with possession of a controlled substance subsequent to her
work for the Task Force, and that her testimony might adversely affect her defense
against that charge. In a written notice to the trial court of McDaniel's intent to
invoke her Fifth Amendment privilege, McDaniel's attorney referred to her as
"Dawn M. Jones," not Dawn McDaniel. At a hearing held outside the presence of
the jury, McDaniel stated that she did not want to testify because she was "afraid
because of the things that are asked of me in this case can incriminate me in the
case I have pending [in Brazos County], because of the information that I
have--things that I have to say here will be impending on the case that I have
there." Appellant asserted that the informant could not selectively assert her Fifth
Amendment privilege, and that she could either answer all questions, or none of
them. The trial court sustained McDaniel's right not to testify, and McDaniel did
not testify before the jury.


Hearsay

 In his first issue, appellant contends that the trial court erred by admitting
into evidence Exhibit 9, the "Confidential Source-Code of Conduct," asserting
that the document was inadmissible hearsay. Assuming, without deciding, that it
was error to admit Exhibit 9 over appellant's hearsay objections, we conclude that
the error, if any, was harmless. 

 To determine whether the erroneous admission of evidence merits reversal,
we look to Rule 44.2(b) of the Rules of Appellate Procedure, governing
non-constitutional error in criminal cases. See Tex. R. App. P. 44.2(b); Johnson v.
State, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001). The judgment must be reversed if
the error affected the accused's substantial rights. See id. Error affects a
substantial right when it has a substantial and injurious effect or influence in
determining the jury's verdict. Johnson, 43 S.W.3d at 3-4. 

 Appellant contends that the admission of State's Exhibit 9 was harmful
because the jury relied on it to identify Dawn McDaniel as the informant named in
the indictment. The State responds that even if State's Exhibit 9 was hearsay, its
admission was harmless error, as there was other evidence that identified Dawn
McDaniel as the informant to whom appellant had transferred the cocaine. 

 The record shows that Dawn McDaniel never testified before the jury. The
State established that she was the person to whom appellant delivered the cocaine
by introducing State's Exhibits 7 and 8. State's Exhibits 7 and 8 were photocopies
of pay vouchers from the Independence Narcotics Task Force that were signed by
Dawn McDaniel. Appellant did not object to State's Exhibits 7 and 8 at trial nor
does he complain about these admissions on appeal. Furthermore, an officer with
the Task Force stated that when he met with this informant, she identified herself
as Dawn McDaniel. The officer also stated that he confirmed that the informant's
real identity was Dawn McDaniel through her criminal history and the Social
Security Number that she provided him. In addition, a second officer who testified
at trial identified Dawn McDaniel as the informant seen on the videotapes that
recorded the cocaine transfer between appellant and the informant. The
videotapes were entered into evidence as State's Exhibits 1, 1-a, 2, and 2-a
without objection. Even excluding State's Exhibit 9, the record shows testimony
and exhibits that establish McDaniel as the person to whom appellant delivered
cocaine. 

 The State's attorney referred to State's Exhibit 9 in its closing argument, as
follows, 

 I urge you to look at State's exhibit 9, and you will have it to take
back with you to look at during your deliberations. It opens: I Dawn
McDaniel understand that while I am cooperating and assisting the
Task Force, I agree to the following. . . . And then at the end she
signed her name, Dawn McDaniel.


However, the prosecutor went on to state that "the testimony of [the police officer]
who testified that her identity was checked through criminal history and a social
security number and approved by his supervisor, that that's who her identity was
beyond a reasonable doubt." The State's attorney therefore also relied on
evidence other than State's Exhibit 9 to show the identity of McDaniel as the
person to whom the cocaine was delivered.

 Although State's Exhibit 9 contained Dawn McDaniel's signature and the
State emphasized its relevance in its closing arguments, we cannot conclude that
State's Exhibit 9 had a substantial and injurious effect or influence in determining
the jury's verdict as required by Johnson, due to the other evidence that confirmed
for the jury Dawn McDaniel's identity as the complaining witness. See Johnson,
43 S.W.3d at 3-4. We hold that the error, if any, in admitting State's Exhibit 9
was harmless. We overrule appellant's first issue. 

Confidential Informant's Fifth Amendment Privilege

 In his second issue, appellant contends that the trial court erred by granting
the informant's motion asserting her Fifth Amendment privilege. Specifically, he
asserts that the informant "could not withhold all evidence demanded because she
claimed some of it was protected." He further asserts that the "Confidential
Source--Code of Conduct" agreement constituted a waiver of the informant's
Fifth Amendment privilege in that she agreed that

  I understand that I have rights guaranteed under the law.


  I understand due to the need for safety and credibility, I have
relinquished some of my rights.


Finally, he states that the informant's testimony would be vital to his defense
because her filing with the trial court used the name Dawn M. Jones, not Dawn
McDaniel.

 Although the State has not asserted that error was waived, as a preliminary
matter, we determine whether appellant's trial objection preserved the right to
complain about the trial court's admission of this evidence. See Rezac v. State,
782 S.W.2d 869, 871 (Tex. Crim. App. 1990) (holding that court of appeals errs if
it addresses issues not preserved by proper presentation to trial court). Rule 33.1
of the Rules of Appellate Procedure requires that a party state "the grounds for the
ruling that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific
grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A). An
appellant's argument on appeal must comport with his argument at trial. See
Guevara v. State, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (holding that
appellant failed to preserve any error regarding victim-impact evidence's
admission because his objection at trial did not comport with complaint raised on
appeal). 

 At the hearing on the informant's assertion of her right against
self-incrimination, appellant did not assert any of the arguments he presents to this
Court. Instead, his trial counsel merely asserted that "it's more or less an all or
nothing type of situation. She can't selectively plead the Fifth on questions that
she doesn't want to answer." Because appellant's argument on appeal was never
presented to the trial court, we hold that any error is waived. See id. We overrule
appellant's second issue.

Conclusion

 We affirm the judgment of the trial court.





 Elsa Alcala

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).

1. According to the officer, prospective informants are asked to fill out a packet, "kind
of like an application, name, date of birth, and criminal history." The documents were
sent to the Department of Public Safety, the agency that controlled the Task Force,
and the Department either approved or disapproved of the informant after a
background check.