

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00859-CR

Robin Marie **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 377921
Honorable Genie Wright, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:   Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  December 11, 2013

AFFIRMED

A jury found appellant Robin Marie Rodriguez guilty of assault causing bodily injury.  The trial court sentenced Rodriguez to confinement in jail for six months, suspended, and assessed a $1,200.00 fine.  On appeal, Rodriguez presents one issue, complaining the trial court abused its discretion by excluding "communicated character" evidence during the guilt-innocence phase of the trial.  We affirm the trial court's judgment.

**BACKGROUND**

Rodriguez and the complainant, Eric Mireles, had an on-again-off-again relationship; the two had a child together in July 2010. Their relationship ended in November 2010. On June 19, 2011, Father's Day, Mireles had possession of the former couple's child and was celebrating at his father's house.

That afternoon, Rodriguez and a friend drove to the home to pick up the child. When Rodriguez went into the house to get the child, she noticed Mireles's new girlfriend was there and that Mireles had "hickies" on his neck. Rodriguez and Mireles argued. Although exactly what occurred next is disputed, it is undisputed that Rodriguez slapped Mireles across the left side of his face. Thereafter, Rodriguez left with the child. Both Rodriguez and Mireles ultimately contacted police about the incident.

In July 2012, Rodriguez was arrested and charged with the offense of assault causing bodily injury. The charge was based on Mireles's claim that Rodriguez slapped him across the face with her hand.

At trial, Rodriguez claimed she slapped Mireles in self-defense. She attempted to testify about prior specific instances of violence by Mireles. She sought to introduce this evidence to show the reasonableness of her state of mind for her claim of self-defense. The State objected, and the trial court excluded the evidence as impermissible character evidence. The jury subsequently found Rodriguez guilty, and the trial court sentenced her to six months confinement in Bexar County Jail, suspended and probated for one year, and assessed a $1,200.00 fine. Rodriguez perfected this appeal.

**ANALYSIS**

In her sole appellate issue, Rodriguez contends the trial court abused its discretion by excluding the portion of her testimony regarding Mireles's prior specific instances of violence against her. Rodriguez wished to use the evidence to support her claim of self-defense.

This court reviews the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 2966 (2011). The trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Id.*

Pursuant to the Texas Penal Code, "[a] person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN § 9.31(a) (West 2011). The Texas Court of Criminal Appeals has held a defendant in an assault case may introduce "communicated character" evidence concerning the victim's character for violence or aggression. *Ex parte Miller*, 330 S.W.3d 610, 618 (Tex. Crim. App. 2009). Communicated character evidence allows the defendant to show the reasonableness of the defendant's claim of apprehension of danger from the victim by offering reputation or opinion testimony or *evidence of specific prior acts of violence* by the victim. *Id.* (emphasis added). This type of evidence does not violate Texas Rule of Evidence 404(a)(2) "because Rule 404 bars character evidence only when offered to prove conduct in conformity, *i.e.*, that the victim acted in conformity with his violent character." *Id.* at 618–19; *see also* TEX. R. EVID. 404(a)(2) (stating evidence of pertinent character trait of victim of crime offered by accused is not admissible for the purpose of proving action in conformity therewith on particular occasion). Communicated character evidence proves the defendant's own self-defensive state of mind and the reasonableness

of that state of mind. *Id.* at 619. Therefore, communicated character evidence is admissible to support a claim of self-defense.

Here, Rodriguez attempted to introduce evidence of Mireles's alleged history of violence towards her. In her offer of proof, Rodriguez testified Mireles: (1) had previously placed her in a chokehold; (2) pushed her numerous times during arguments; (3) grabbed her numerous times; and (4) once attempted to drive away after rolling up his car window, trapping her hand inside. We agree with Rodriguez that if the evidence had been admitted, it would have provided some evidence that Rodriguez reasonably believed she needed to defend herself when Mireles allegedly grabbed her arm during their Father's Day dispute. *See id.*

The record reflects counsel for Rodriguez specifically argued the admissibility of this evidence under the *Miller* analysis of communicated character evidence.[1] Nevertheless, the trial court refused to permit the introduction of the evidence, relying on Rule 404(a)(2) as support for its ruling. Given the court's holding in *Miller* that admission of communicated character evidence *does not* violate Rule 404(a)(2), we hold the trial court's decision was outside the zone of reasonable disagreement. *See Martinez*, 327 S.W.3d at 736 (emphasis added). Accordingly, we hold the trial court abused its discretion by excluding Rodriguez's testimony about the prior specific acts of violence against her by Mireles.

Although the trial court erred in excluding Rodriguez's testimony, reversible error may not be predicated upon a ruling excluding evidence unless a substantial right of the party is affected. *De La O v. State*, 127 S.W.3d 799, 804 (Tex. App.—San Antonio 2003, pet. ref'd) (citing *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002)); *see also* TEX. R. APP. P. 44.2(b); TEX. R. EVID. 103(a). A defendant's substantial rights are affected when the error has a substantial and

---

[1] Counsel read the relevant portions of *Miller* into the record in their entirety.

injurious effect or influence in determining the jury's verdict. *Walters v. State*, 247 S.W.3d 204, 218 (Tex. Crim. App. 2007) (quoting *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001)).

It is the court's responsibility to decide whether it is likely the error had some adverse effect on the proceedings. *Id.* at 219 (quoting *Johnson*, 43 S.W.3d at 4). In making this determination, we "consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case." *De La O*, 127 S.W.3d at 804. Further, the presence of overwhelming evidence supporting the conviction can be a factor in our evaluation of harmless error under Rule 44.2(b). *Motilla*, 78 S.W.3d at 357.

The evidence at trial was largely in the form of testimony. The testimony provided two different versions of events. In one version, as told by Mireles and his family, Rodriguez slapped him during an argument inside Mireles's parents' home. In the other version, as told by Rodriguez and her friend, Rodriguez slapped Mireles in front of the home when he allegedly grabbed her arm. There are two commonalities with the opposing testimonies: (1) Rodriguez slapped Mireles; and (2) Rodriguez was very angry at Mireles when the events transpired. The nature of the testimony supports the conclusion that Rodriguez slapped Mireles not out of fear of bodily harm, but rather out of anger.

Rodriguez's own testimony provides the strongest evidence that she slapped Mireles out of anger, not in self-defense. Rodriguez testified Mireles was cheating on her during her pregnancy and it made her very angry. Then, after the birth of their child and the couple's break-up, Mireles "would tell me that we would be together again, that we would work things out . . . [b]ut he was still doing everything like he was doing. Lying constantly, just to keep me around. Just to keep

me there because he said that it would hurt him too much to see me with anyone else." Rodriguez testified that on the day of the assault:

> I walk in [to Mireles's parents' house]. I see him, his step-mom, his dad, his brother, and the girl, my son, and I get really upset. So, I get angry. I start telling him loudly, you know, why did you lie to me? Why couldn't you just be honest with me? It angered me even more when I saw all the hickeys on his neck because his neck was covered with them.

Rodriguez admitted yelling at Mireles because she was mad at him. This led to an argument where Rodriguez and Mireles "were arguing about the girl and the hickeys." It was during this argument that Rodriguez slapped Mireles.

The foregoing evidence supports the jury's decision to find Rodriguez intentionally slapped Mireles out of anger, not in self-defensive fear. However, despite the trial court's exclusion of prior instances of specific violence by Mireles, Rodriguez was able to introduce evidence to suggest the assault was not the result of anger, but rather an act of self-defense.

The record reflects Rodriguez was unable to introduce specific evidence that Mireles had been violent toward her in the past. Rodriguez was permitted to testify: (1) that behind closed doors, Mireles had physically touched her; (2) she was scared when Mireles grabbed her arm because it was not the first time he had done so; and (3) she slapped Mireles because she was scared. Additionally, the jury heard from three different witnesses about the substantial size disparity between Rodriquez and Mireles.[2] Clearly, counsel wanted to emphasize Mireles's ability to intimidate and overpower Rodriguez. Moreover, during the State's cross examination of Rodriguez, it seemingly acknowledged Mireles's history of violence towards Rodriguez when it

---

[2] Depending on the testimony, Mireles was 6'1"–6'3" and between 220–320 pounds at the time of the incident. Rodriguez testified she was 5'2" and 130 pounds at the time of the incident.

asked her whether her friend, a witness for the defense, "doesn't appreciate that *he's hurt you in the past*, right?" (emphasis added).

We therefore hold Rodriguez was permitted to introduce sufficient evidence to enable the jury to determine the reasonableness of Rodriguez's self-defensive state of mind at the time of the altercation. Accordingly, based on this and the evidence in support of the jury's verdict, we hold the trial court's error did not affect Rodriguez's substantial rights. Viewing the record as a whole, we hold that the decision to exclude Rodriguez's testimony about Mireles's past specific acts of violence against her did not have a substantial and injurious effect or influence on the jury's verdict. *See Walters*, 247 S.W.3d at 218.

## CONCLUSION

Because the trial court's error was not harmful, we overrule Rodriguez's issue and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish