ACCEPTED
06-14-00178-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/21/2015 12:04:50 PM
DEBBIE AUTREY
CLERK

## Nos. 06-14-00178-CR; 06-14-00179-CR; 06-14-00180-CR; 06-14-00181-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/21/2015 12:04:50 PM
DEBBIE AUTREY
Clerk

## IN THE COURT OF APPEALS
## FOR THE SIXTH DISTRICT OF TEXAS AT TEXARKANA

**WILLIAM JAMES AKIN**
**Appellant**

**v.**

**THE STATE OF TEXAS**
**Appellee**

ON APPEAL FROM THE 336TH JUDICIAL DISTRICT COURT OF
FANNIN COUNTY, TEXAS
THE HON. LAURINE BLAKE, JUDGE PRESIDING
TRIAL COURT CAUSE NUMBERS:

CR-13-24791; CR-13-24795;

CR-13-24796; CR-13 24979

**APPELLANT'S MOTION FOR REHEARING**

**STEVEN R. MIEARS**
State Bar No. 14025600
211 North Main
Bonham, Texas 75418
Tel: 903-640-4963
Fax: 903-640-4964
Email: SteveMiears@msn.com

MOTION FOR REHEARING

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now William James Akin, appellant in the above entitled and numbered cases, and submits this motion for rehearing under Rule 49.1 of the Texas Rules of Appellate Procedure, and requests that the court reconsider its opinion of September 16, 2015.

POINT OF ERROR ONE:

The Court of Appeals errs in finding that the admission of several disturbing pornographic photographs was harmless error by incorrectly applying the proper standard of review. For quick reference the photos are reproduced below, and in the format in which the jury considered them.

ARGUMENT

Modern trial advocacy teaches lawyers to use photographs to embed a point within the juror's mind – indelibly so they recall it during their deliberations. They are taught that the brain retains information differently according to the nature of the information it is exposed to – especially a narrative coupled with graphic exhibits. The expression "Use a picture. It's worth a thousand words" is the pedagogical mantra for how to triumph at trial. Studies of the brain, and research on learning, have shown that people learn best when all their senses are engaged.

The brain is most active when stimulated in various ways. In practical terms, this means that jurors will absorb more information, and be more receptive to the advocate's theme when the case is presented in a multimedia format. Joining the narrative with graphics enhances the impact. *See* Janet L. Hoffman, *Litigation Journal* SPRING 2011 • Vol. 30 No. 1.

The Court aptly points out that a reviewing court must analyze "the character of the alleged error and how it might be considered in connection with other evidence in the case." *Akin v. State,* No. 06-14-00178-CR, p. 14. In weighing the effect of this raw smut on the minds of these jurors, the Court's opinion fails to properly judge the power of the photos to destabilize the integrity of the trial process. The coupling of these images of interracial gang sodomy with the testimony that, "Akin was watching aggressive and vulgar pornography, including wife-raping video recordings, forced sex, and simulated rape . . ." caused their impact to be hardened. Instead, the Court's opinion erroneously minimizes the impact of the photos precisely *because* it was joined with narrative testimony.[1] *Akin v. State,* No. 06-14-00178-CR, p. 14.

---

[1] The Court's opinion points out that the question of the admission of this testimony was not raised on appeal. The Court's opinion, therefore, implicitly acknowledges this too was irrelevant testimony, and error. The Court's opinion suggests that had only this error been complained about on appeal then the case for the harm from the pictures would be evident. However, the record is replete with this testimony being introduced without a continuous running objection – sometimes admitted even by the Appellant himself. The error, therefore, would no-doubt have been determined to have been waived. Nevertheless, harm should be analyzed from the state of the entire record as the evidence was presented to the jury – not from what it could have been from a perfect trial or appeal. "In assessing the likelihood that the jury's decision was adversely affected by the error, an appellate court considers everything in the record." *Schumtz v. State,* 440 S.W.3[rd] 29,39 (Tex. Crim App. 2014).

The *Kotteakos* standard established by the U.S. Supreme Court is the same one for review as the Texas standard for non-constitutional error on direct appeal. *Ex parte Weinstein,* 421 S.W.3d 656, 665 (Tex. Crim. App. 2014). In K*otteakos v. United States,* 328 U.S. 750, 776, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946) the U.S. Supreme Court explained: "If one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand." *Kotteakos*, 328 U.S. at 765, 66 S. Ct. at 1248; *see also Motilla v. State,* 78 S.W.3d 352, 355-58 (Tex. Crim. App. 2002) and *Johnson v. State,* 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

"Grave doubts" means "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *Webb v. State,* 36 S.W.3d 164, 182-83 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd) (op. on reh'g) (citing *O'Neal v. McAninch*, 513 U.S. 432, 435, 115 S. Ct. 992, 994, 130 L. Ed. 2d 947 (1995)). If the reviewing court is *unsure* whether the error affected the outcome, the court should treat the error as harmful,

and as having a substantial and injurious effect or influence in determining the jury's verdict. *Id.*

As explained in *Russell v. State,* 113 S.W.3d 530, 549-550 (Tex. App. Fort Worth 2003), the defendant need not prove harm from an error. There ordinarily is no way to prove "actual" harm. It is instead the duty of the reviewing court to assess harm from the context of the error. The proper inquiry is whether the trial court's error in allowing the State to introduce these photographs substantially swayed or influenced the jury's verdict, or whether we are left in grave doubt whether this evidence swayed or influenced the jury's verdict. If the answer to either inquiry is "yes" -- then the error was not harmless. *See Kotteakos*, 328 U.S. at 765, 66 S. Ct. at 1248; *Johnson,* 43 S.W.3d at 4.

The Court's opinion correctly finds these exhibits were irrelevant to any issue. The State erred in offering them. The trial court erred in admitting them. The jury should never have been sent the clear message that they were important in determining his guilt or innocence. Nor should their potential for impacting the assessment of his punishment be overlooked. In making its determination the error was harmless, this Court errs in failing to consider the potential ability of these photographs "to impress the jury in some irrational, yet indelible, way." *Hernandez v. State,* 390 S.W.3d 310, 324 (Tex. Crim. App. 2012). *See Motilla,* 78 S.W.3d at 355-56.

As stated in *Harris v. State*: "[A] reviewing court in applying the harmless error rule should not focus upon the propriety of the outcome of the trial. Instead, an appellate court should be concerned with the integrity of the process leading to the conviction. . . . If the error was of a magnitude that it disrupted the [jurors'] orderly evaluation of the evidence, no matter how overwhelming it might have been, then the conviction is tainted. Again, it is the effect of the error and not the other evidence that must dictate the reviewing court's judgment." 790 S.W.2d 568, 587-88 (Tex. Crim. App. 1989). *Russell v. State*, 113 S.W.3d 530, 549-550 (Tex. App. Fort Worth 2003).

This case is close to the facts in *Thrift v. State,* 134 S.W.3d 475 (Tex. App. Waco 2004). In *Thrift,* the Court appropriately concluded that "we do not know that it was the credibility-weighing of the witnesses that led to the verdict, rather than that the photographs 'tipped the scales' in a close case." The result here should be the same. This was a case of "he said – she said". No eyewitnesses. No forensic evidence. No confession.   Horrific images.

In considering the sway of these photos it matters little that the State's references to the pictures comprised "only two paragraphs out of twelve and one-half pages of the State's closing argument in the transcript." *Akin* p. 15. While a picture may be worth a thousand words, in this case they are worth a tome.

## PRAYER FOR RELIEF

For the reasons herein alleged, appellant prays the court grant this motion for rehearing, set aside the opinion of July 24, 2015, reverse the judgment and sentence, and order a new trial.

RESPECTFULLY SUMITTED,

**Steven R. Miears**
211 North Main
Bonham, Texas 75418
SteveMiears@msn.com
Tel. 903-640-4963
Fax: 903-640-4964
State Bar Card No. 14025600

Attorney for Appellant

### Certificate of Service

This is to certify that a true and correct copy of the above and foregoing Appellant's Motion for Rehearing was delivered by electronic e-mail service to Richard E. Glaser, Fannin County Criminal District Attorney; 101 East Sam Rayburn Drive; Bonham, Texas 75418; on September 21, 2015; and, that a copy was mailed to the Appellant, William Akin, TDC# 01955082, at 11950 FM 998; Dalhart, TX 79022

Steven R. Miears.