

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00005-CR
_____


JESSIE RAY SORRELLS, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 48,157-B


Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Jessie Ray Sorrells was indicted on two counts of aggravated sexual assault of a child. Sorrells entered a plea of not guilty to each count. After hearing the testimony of ten witnesses, including Connor, the child victim, a Gregg County jury found Sorrells guilty on both counts.[1] At the conclusion of the punishment phase, the trial court sentenced Sorrells, on the first count, to sixty years' imprisonment in the Texas Department of Criminal Justice and assessed a fine of $10,000.00. On the second count, the trial court sentenced him to eighty years' imprisonment and assessed a $10,000.00 fine. The trial court ordered the sentences to be served consecutively.

On appeal, Sorrells argues that, during the punishment phase, the trial court erred by admitting State's Exhibit 3, which is a screenshot from a cell phone. Because we find that any error in admitting the evidence was harmless, we affirm the trial court's judgment.

## I. Admission of State's Exhibit 3 Was Harmless

In his sole point of error, Sorrells contends that the trial court erred in admitting State's Exhibit 3, a screen shot from Connor's grandmother's cell phone. Sorrells argues that the evidence was inadmissible because it was improperly authenticated and it was hearsay.

"We review a trial court's decision to admit or exclude evidence for an abuse of discretion." *Flowers v. State*, 438 S.W.3d 96, 103 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010)). "Abuse of discretion occurs only if the decision is 'so clearly wrong as to lie outside the zone within which reasonable people might disagree.'" *Id.* (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App.

---

[1]In order to protect the victim's privacy, we refer to the victim and his family by pseudonyms. *See* TEX. R. APP. P. 9.10(a)(3); *see McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

2008)) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). "We may not substitute our own decision for that of the trial court." *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)). "We will uphold an evidentiary ruling if it was correct on any theory of law applicable to the case." *Id.* (citing *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009)).

During the punishment phase of the trial, Connor's grandmother testified that her daughter had texted her a message that Connor had allegedly posted on Snapchat. The Snapchat post stated, "Bro suicide is sounding good right about now." The State offered a screenshot of the message from the grandmother's phone as Sorrells objected to the evidence, arguing that it was not properly authenticated and that it was hearsay. The trial court overruled the objections and admitted the exhibit as a "then-existing mental and emotional physical condition or present sense impression."

"Generally, the erroneous admission or exclusion of evidence is nonconstitutional error governed by Rule of Appellate Procedure 44.2(b) if the trial court's ruling merely offends the rules of evidence." *Melgar v. State*, 236 S.W.3d 302, 308 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). Nonconstitutional error must be disregarded unless it affects the substantial rights of the defendant. TEX. R. APP. P. 44.2; *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict" or sentence. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

"[O]verruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *see Lucero v. State*, 246 S.W.3d 86, 102 (Tex. Crim. App. 2008). "This rule applies whether the other evidence was introduced by the defendant or the State." *Leday*, 983 S.W.3d at 718.

Assuming, without deciding, that the trial court erred in admitting the exhibit, the alleged error was harmless. Here, the content of State's Exhibit 3 was cumulative of other evidence presented to the jury. Earlier in the punishment phase, prior to the admission of State's Exhibit 3, Connor's grandmother had testified without objection that Connor had been suffering from significant depression and that he had been dealing with "thoughts of suicide." Because similar evidence was admitted without objection, we cannot find that State's Exhibit 3 had a substantial and injurious effect or influence in determining the jury's sentence. *See id.* As a result, we overrule Sorrells's sole point of error.

## II. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     August 25, 2022
Date Decided:      September 21, 2022

Do Not Publish