

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00669-CR

Arnoldo A. **ALMEIDA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR7294
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:       Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice

Delivered and Filed: September 11, 2024

AFFIRMED

Appellant asserts that the trial court committed harmful error by not conducting an ability-to-pay inquiry as required by Texas Code of Criminal Procedure article 42.15(a-1).  We agree that the trial court erred, but its error has not affected Appellant's substantial rights; it was harmless. Accordingly, we affirm the trial court's judgment.

**BACKGROUND**

**A.  Plea Agreement; Revocation**

On October 22, 2021, Arnoldo A. Almeida pled nolo contendere to a third-degree felony. The trial court sentenced Almeida to six-years' confinement, imposed a fine of $1,000 and court costs of $310, suspended his sentence, and ordered community supervision.  On October 7, 2022, Almeida pled true to violating a condition of his community supervision, which the trial court then revoked.  The court ordered him "punished in accordance with the judgment and sentence originally entered in this cause," and it imposed court costs of $1,520, with the fine and costs to be paid upon his release from confinement.

**B.  *Anders* Brief; Review, Remand**

Court-appointed counsel filed an *Anders* brief, asserting that he reviewed the entire record and found no arguable points of error, and a motion to withdraw.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).  As required, we conducted an independent review of the record and concluded there was an arguable ground of appeal.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also Anders*, 386 U.S. at 744.  Specifically, this court had not yet decided whether the trial court's failure to inquire on the record about a defendant's ability to pay a fine and costs was reversible error.  We granted the original appellate counsel's motion to withdraw, abated this appeal, remanded the cause for the trial court to appoint new appellate counsel, and ordered new briefing.

**C.  Amended Briefs**

In his amended brief, Almeida now argues that the trial court's failure to inquire on the record about his ability to pay a fine and costs was harmful error and invalidated his conviction.

The State asserts the conviction should be affirmed because (1) Almeida failed to preserve his complaint for appellate review, precluding us from reaching the issue; (2) the trial court must

have found that Almeida did not have the then-present ability to pay since it ordered the fine and costs to be paid upon his release from confinement; (3) any error in failing to hold an inquiry on the record is harmless since Almeida has a statutory right to seek reconsideration of the fine and costs upon his release; and (4) even if the trial court's failure to inquire on the record is harmful error, the appropriate remedy is to affirm the judgment, modified to delete the fine and costs.

## FAILURE TO INQUIRE ON THE RECORD

Article 42.15(a-1) requires the trial court, at the time of sentencing, to hold a hearing *on the record* regarding the defendant's ability to pay any fine and costs:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (emphasis added) (effective Sept. 1, 2021).

### A. No Record of an Inquiry or Waiver

The trial court did not create a record of such an inquiry and the judgment does not include a recital of such an inquiry. While article 42.15(a-2) states "[a] defendant may waive the requirement for the inquiry described by Subsection (a-1) to be on the record," *id.*, nothing in the record shows that Almeida expressly waived the requirement. Accordingly, absent Almeida's express waiver, we conclude the trial court erred when it failed to comply with the statutory requirement. *See id.*; *Cruz v. State*, No. 14-21-00454-CR, 2023 WL 3236888, at *4 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. granted).

### B. No Timely Objection to Fine and Costs

The State asserts Almeida waived error by not timely objecting to the absence of an inquiry on the record. *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (*requiring* an inquiry on the record); TEX. R. APP. P. 33.1(a) (error preservation). *Compare Sanders v. State*, No. 05-22-01376-

CR, 2024 WL 725529, at *8 (Tex. App.—Dallas Feb. 22, 2024, no pet.) (mem. op., not designated for publication) ("Nothing in the record indicates appellant objected to or otherwise complained to the trial court about its failure to conduct an inquiry."), *and Rodgers v. State*, No. 06-23-00101-CR, 2023 WL 6379018, at *2 (Tex. App.—Texarkana Oct. 2, 2023, no pet.) (mem. op., not designated for publication) (concluding that Rodgers's failure to timely object waived his appellate issue), *with Cruz*, 2023 WL 3236888, at *4 (concluding that Cruz "was not required to preserve this complaint for appeal through objection").

As noted, some of our sister courts disagree on whether a timely objection is required. We need not reach that question because the trial court's error was harmless. *See* TEX. R. APP. P. 47.1.

REVERSIBLE ERROR ANALYSIS

We agree with Almeida that the trial court erred by failing to inquire on the record at the time of sentencing as to Almeida's ability to pay the fine and costs. *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1). But an "error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b); *see Johnson v. State*, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001) (requiring "the reviewing court to assess harm from the context of the error").

**A.       No Order to Pay Before Release**

The trial court's judgment did not order Almeida to immediately pay the fine or costs. *Cf. Sanders*, 2024 WL 725529, at *8 (noting that the appellant "might have suffered harm by the omission of [an article 42.15(a-1)] inquiry if the trial court ordered him to immediately pay the fine"); *Gilmer v. State*, No. 12-23-00054-CV, 2023 WL 8103957, at *4 (Tex. App.—Tyler Nov. 21, 2023, no pet.) (mem. op., not designated for publication) (same). Further, because the record does not show that Almeida has been released, we conclude that Almeida's substantial rights regarding paying a fine and costs have not yet been affected. *Cf. Sanders*, 2024 WL 725529, at *8; *Gilmer*, 2023 WL 8103957, at *4.

**B.** **Order to Pay Upon Release**

Instead, the trial court ordered that, "upon release from confinement, [Almeida] pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court." Upon his release from confinement, if Almeida has difficulty paying the fine and costs in compliance with the judgment, he may request reconsideration of the fine and costs, and the trial court "shall hold a hearing to determine whether that portion of the judgment imposes an undue hardship on [him]." *See* TEX. CODE CRIM. PROC. ANN. art. 43.035(a); *Polanco*, 690 S.W.3d at 435 n.6. Thus, there is another opportunity for the trial court to inquire on the record about Almeida's ability to pay the fine and costs at issue here. *See* TEX. CODE CRIM. PROC. ANN. art. 43.035(a); *Sloan v. State*, 676 S.W.3d 240, 242 n.2 (Tex. App.—Tyler 2023, no pet.).

We conclude the trial court's error has not affected Almeida's substantial rights and is, therefore, harmless. *See* TEX. R. APP. P. 44.2(b); *Johnson*, 43 S.W.3d at 5.

## CONCLUSION

The trial court erred by not inquiring on the record about Almeida's ability to pay the fine and costs. But because the judgment did not order Almeida to pay until he was released from confinement, and Almeida may then request reconsideration of the fine and costs, the trial court's error was harmless. We overrule Almeida's sole issue, and we affirm the trial court's judgment.

Lori Massey Brissette, Justice

Do not publish